**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| SFA SYSTEMS, LLC, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. _____ |
| § | |
| 1. BIGMACHINES, INC.; § | Jury Demanded |
| 2. BECKMAN COULTER, INC.; § | |
| 3. ENTERASYS NETWORKS, INC.; § | |
| 4. RICOH AMERICAS CORPORATION; § | |
| 5. HYUNDAI MOTOR AMERICA, INC.; and § | |
| 6. CARESTREAM HEALTH, INC. § | |
| § | |
| Defendants. § | |
| § | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

For its Complaint against BigMachines, Inc., Beckman Coulter, Inc., Enterasys Networks, Inc., Ricoh Americas Corporation, Hyundai Motor America, and CareStream Health, Inc. (collectively the "Defendants"), Plaintiff SFA Systems, LLC ("SFA") alleges as follows.

## PARTIES

1. SFA is a Texas Limited Liability Company with its principal place of business at 207 C North Washington Avenue, Marshall, Texas 75670.

2. On information and belief, Defendant BigMachines, Inc. ("BigMachines") is a Delaware corporation with its corporate headquarters and principal place of business at 570 Lake Cook Road, Suite 126, Deerfield, IL 94403. BigMachines has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808 as its agent for service of process.

3. On information and belief, Defendant Beckman Coulter, Inc. ("Beckman") is a Delaware corporation with its corporate headquarters and principal place of business at 250 S. Kraemer Boulevard, Brea, California 92821. Beckman has appointed Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092 as its agent for service of process.

4. On information and belief, Defendant Enterasys Networks, Inc. ("Enterasys") is a Delaware corporation with its corporate headquarters and principal place of business at 50 Minuteman Road, Andover, MA 01810. Enterasys has appointed C T Corporation System, 350 North Saint Paul Street, Suite 2900, Dallas, Texas 75201 as its agent for service of process.

5. On information and belief, Defendant Ricoh Americas Corporation ("Ricoh") is a Delaware corporation with its corporate headquarters and principal place of business at 5 Dedrick Place, West Coldwell, New Jersey 07006. Ricoh has appointed C T Corporation System, 350 North Saint Paul Street, Suite 2900, Dallas, Texas 75201 as its agent for service of process.

6. On information and belief, Defendant Hyundai Motor America, Inc. ("Hyundai") is a California corporation with its principal place of business at 10550 Talbert Avenue, Fountain Valley, California. Hyundai has appointed National Registered Agents, Inc., 300 South Phillips Avenue, Suite 300, Sioux Falls, South Dakota 57104 as its agent for service of process.

7. On information and belief, Defendant CareStream Health, Inc. ("CareStream") is a Delaware corporation with its corporate headquarters and principal place of business at 150 Verona Street, Rochester, New York 14608. CareStream has appointed Corporation Service Company, d/b/a CSC – Lawyers' Incorporating Service Company, 211 East Seventh Street, Suite 620, Austin, Texas 78701 as its agent for service of process.

**JURISDICTION AND VENUE**

8. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9. On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

10. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, each Defendant has a regular and established place of business in this district, has transacted business in this district and has committed and/or induced acts of patent infringement in this district.

## INFRINGEMENT OF U.S. PATENT NO. 6,067,525

11. SFA is the owner by assignment of United States Patent No. 6,067,525 ("the '525 patent") entitled "Integrated Computerized Sales Force Automation System," a true copy of which is attached as Exhibit A. The '525 patent was issued on May 23, 2000.

12. The claims of the '525 patent were construed by order of Honorable Leonard Davis of the Eastern District of Texas, Tyler Division on February 23, 2009 a true and correct copy of which is attached as Exhibit B.

13. Defendant BigMachines has been and now is directly infringing, and indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '525 patent in the State of Texas, in this judicial district, and elsewhere in the

United States by, among other things, methods practiced on various websites (including, but not limited to, bigmachines.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '525 Patent to the injury of SFA. Defendant BigMachines is thus liable for infringement of the '525 Patent pursuant to 35 U.S.C. § 271.

14. Defendant Beckman has been and now is directly infringing, and indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '525 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, beckmancoulter.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '525 Patent to the injury of SFA. Defendant Beckman is thus liable for infringement of the '525 Patent pursuant to 35 U.S.C. § 271.

15. Defendant Enterasys has been and now is directly infringing, and indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '525 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, enterasys.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '525 Patent to the injury of SFA. Defendant Enterasys is thus liable for infringement of the '525 Patent pursuant to 35 U.S.C. § 271.

16. Defendant Ricoh has been and now is directly infringing, and indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the

'525 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, ricoh-usa.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '525 Patent to the injury of SFA. Defendant Ricoh is thus liable for infringement of the '525 Patent pursuant to 35 U.S.C. § 271.

17. Defendant Hyundai has been and now is directly infringing, and indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '525 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, hyundaiusa.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '525 Patent to the injury of SFA. Defendant Hyundai is thus liable for infringement of the '525 Patent pursuant to 35 U.S.C. § 271.

18. Defendant CareStream has been and now is directly infringing, and indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '525 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, carestream.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '525 Patent to the injury of SFA. Defendant CareStream is thus liable for infringement of the '525 Patent pursuant to 35 U.S.C. § 271.

19. To the extent that facts learned in discovery show that Defendants' infringement of the '525 patent is or has been willful, Plaintiff reserves the right to request such a finding at time of trial.

20. As a result of the above Defendants' infringement of the '525 patent, SFA has suffered monetary damages that are compensable under 35 U.S.C. § 284 in an amount not yet determined, and will continue to suffer such monetary damages in the future unless Defendants' infringing activities are permanently enjoined by this Court.

21. Unless permanent injunctions are issued enjoining these Defendants and their agents, servants, employees, attorneys, representatives, affiliates, and all other acting on their behalf from infringing the '525 patent, SFA will be greatly and irreparably harmed.

22. This case presents exceptional circumstances within the meaning of 35 U.S.C. § 285 and SFA is thus entitled to an award of its reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, SFA requests that this Court enter:

1. A judgment in favor of SFA that Defendants have infringed, directly and indirectly, by way of inducing and/or contributing to the infringement of the '525 patent;

2. A permanent injunction, enjoining Defendants and their officers, directors, agents, servants affiliates, employees, divisions, branches subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '525 patent;

3. A judgment and order requiring Defendants to pay SFA its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '525 patent as provided under 35 U.S.C. § 284;

4. An award to SFA of restitution of the benefits Defendants' have gained through their unfair, deceptive, or illegal acts;

5. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to SFA its reasonable attorneys' fees; and

6. Any and all other relief for which the Court may deem SFA entitled.

## DEMAND FOR JURY TRIAL

Plaintiff SFA, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Date: June 17, 2010

Respectfully submitted,

SFA SYSTEMS, LLC

/s/ Andrew W. Spangler
**Andrew W. Spangler**
Lead Counsel
Spangler Law PC
208 N. Green Street, Suite 300
Longview, Texas 75601
903-753-9300
Fax: 903-553-0403
Email: spangler@spanglerlawpc.com

**David M. Pridham**
R.I. State Bar No. 6625
Law Office of David Pridham
25 Linden Road
Barrington, Rhode Island 02806
Telephone: (401) 633-7247
Fax: (401) 633-7247
E-mail: david@pridhamiplaw.com

**Counsel for Plaintiff**
**SFA SYSTEMS, LLC**