IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| SFA SYSTEMS, LLC, | § § § | |
| Plaintiff | § § | |
| v. | § § | Case No. 6:10-cv-300 |
| BIGMACHINES, INC., et al., | § § | |
| | § | Jury Demanded |
| Defendants. | § § § § | |

## HYUNDAI MOTOR AMERICA'S PARTIAL MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 12(b)(6), Hyundai Motor America, Inc. moves to dismiss SFA Systems, LLC's allegations of indirect infringement for failure to state a claim on which relief can be granted. The complaint in this case marks the sixth time an entity controlled by Erich or Audrey Spangenberg has sued Hyundai for alleged patent infringement. Although this is their first suit against Hyundai involving U.S. Patent No. 6,067,525 ("'525 patent")—a patent *unrelated* to those previously litigated against Hyundai—this is not the first time the Spangenbergs have filed unsupported claims of indirect infringement. This Court previously dismissed identical claims by another Spangenberg entity. But as their complaints multiply, their loose pleading practices apparently persist. Those practices should be rejected yet again here.

### ARGUMENT

As this Court has previously recognized, in the wake of *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), it is no longer sufficient for a plaintiff to plead any set of vague, conclusory allegations that, if proved, could conceivably entitle him to relief. Rather, plaintiffs have the burden to plead "enough facts to state a claim to relief that is plausible on its face."

*Twombly*, 550 U.S. at 570.  Applying that heightened pleading requirement to a complaint filed by another Spangenberg entity, this Court dismissed indirect infringement allegations "which fail to identify which claims are indirectly infringed, fail to identify which methods or systems indirectly infringe, and fail to identify a direct infringer in reference to its indirect infringement claims." *Clear With Computers, LLC v. Bergdorf Goodman, Inc., et al.*, No. 6:09-cv-481 March 29, 2010 Memorandum Opinion and Order, at 7 (E.D. Tex.) (Davis, J.).  Such allegations "simply fail[] to inform Defendants as to what they must defend" and thus cannot satisfy the heightened requirements of *Iqbal* and *Twombly*. *Id*.  Although the Court held in that case that allegations of *direct* infringement are sufficient so long as they follow the bare-bones example of Form 18 of the Federal Rules of Civil Procedure, this Court joined others in holding that more is required to plead a claim for *indirect* infringement.  *Id*.; *see also Elan Microelectronics Corp. v. Apple, Inc.*, 2009 WL 2972374 at *2 (N.D. Cal. Sept. 14, 2009); *Sharafabadi v. Univ. of Idaho*, 2009 WL 4432367, at *4-5 (W.D. Wash. Nov. 27, 2009).  As we now show, the allegations of indirect infringement in this case are identical to those this Court has previously found insufficient, and Hyundai has no way of knowing from other sources the basis of those allegations.

      **A.**     **SFA's indirect infringement allegations are identical to allegations this Court has already found insufficient.**

Months after this Court's ruling in the *CWC* case, a different Spangenberg entity, SFA Systems, filed this complaint against Hyundai and five other defendants.  Remarkably, the complaint is almost a carbon copy of the complaint this Court previously dismissed as insufficient—albeit with a different patent and different defendants swapped in.  Allegations from the two complaints are shown below, with the differences underlined:

| ***Bergdorf Goodman* Complaint**[1] | **SFA's Present Complaint**[2] |
|---|---|
| Upon information and belief, Defendant BERGDORF has been and now is directly, jointly and/or and [sic] indirectly infringing, by way of inducing infringement and/or contributing to the infringement of the '739 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.bergdorfgoodman.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '739 Patent to the injury of CWC.  Defendant BERGDORF is thus liable for infringement of the '739 Patent pursuant to 35 U.S.C. § 271. | Defendant Hyundai has been and now is directly infringing, and indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '525 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, hyundaiusa.com), making and using supply chain methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '525 Patent to the injury of SFA.  Defendant Hyundai is thus liable for infringement of the '525 Patent pursuant to 35 U.S.C. § 271. |

Just as before, SFA Systems has alleged indirect infringement, both "by way of inducing infringement" and by "contributing to the infringement" of the patent-in-suit.  But just as before, SFA Systems has wholly failed to identify "which claims are indirectly infringed," "which methods or systems indirectly infringe," and *who* is the "direct infringer in reference to its indirect infringement claims."  *Clear With Computers, LLC v. Bergdorf Goodman, Inc., et al.*, No. 6:09-cv-481 March 29, 2010 Memorandum Opinion and Order, at 7 (E.D. Tex.) (Davis, J.).  The mere addition of the words "by others," moreover, does not identify the direct infringer with any more specificity, for indirect infringement necessarily entails infringement by others.

Once again, then, SFA has pleaded two boilerplate legal theories of indirect infringement without providing the "factual content" necessary to render those theories plausible.  *Iqbal*, 129 S. Ct. at 1949.  Specifically, nothing in SFA's complaint connects Hyundai's "various" websites to *any* claim of the asserted patent, much less identifies which claims are infringed indirectly.  Nor do the generic references to "supply chain," "sales," "marketing," and "inventory" methods or systems provide *any*

---

[1] *Clear With Computers, LLC v. Bergdorf Goodman, Inc., et al.*, No. 6:09-cv-481 March 29, 2010 Memorandum Opinion and Order, at 2 (E.D. Tex.) (Davis, J.).
[2] SFA Complaint (Dkt. 1) at ¶17.

specific factual content to SFA's allegations, much less identify which methods or systems indirectly infringe. And nothing in SFA's complaint identifies a direct infringer to accompany its indirect infringement claims.

This Court has already made clear to the Spangenbergs and their lawyers that it "has high expectations of a plaintiff's preparedness before it brings suit." *Clear With Computers, LLC v. Bergdorf Goodman, Inc., et al.*, No. 6:09-cv-481, March 29, 2010 Memorandum Opinion and Order, at 7 (E.D. Tex.) (Davis, J.). That is, plaintiffs must do more than simply cut and paste generic allegations. But that is all they have done here.

### B. Because the '525 patent has no relation to previously litigated patents, Hyundai cannot be expected to be familiar with SFA's infringement theories.

SFA's cut-and-paste pleading is all the more remarkable in light of the fact that SFA alleges infringement of a patent entirely different from those previously litigated against Hyundai. Although the previously litigated patents involved a particular manner of selling a product to a customer or a dealer, the '525 patent in this suit claims a system for integrating all of the various tasks performed by an entire *sales force*—from lead generation to order management. *See* '525 Patent, Col. 1:5-2:55.

This Court has deemed allegations that are otherwise insufficient to be adequate where the patent at issue was a continuation of one already litigated between the parties. *See Clear With Computers, LLC v. Hyundai Motor America, Inc.*, No. 6:09-cv-479, March 29, 2010 Memorandum Opinion and Order, at 6 (E.D. Tex.) (Davis, J.). In that context, the Court expected Hyundai to be "quite familiar" with the plaintiff's infringement theories, which "will be very similar to those previously litigated." *Id*.

But the same cannot be said here. The '525 patent has no parent, child, or other relation to the patents previously litigated against Hyundai. And because the '525 patent involves sales force management, rather than a particular manner of making a sale, Hyundai can only guess as to SFA's

infringement theories. Yet, despite a completely different patent, SFA's complaint does no more than accuse the same top-level website it has accused before, with the same conclusory boilerplate.

## CONCLUSION

This Court has made clear that it expects plaintiffs to investigate and prepare their claims before bringing suit, and plaintiffs and their counsel have already been warned that their conclusory allegations of indirect infringement will not suffice. Yet they continue to use the same boilerplate here. Accordingly, Hyundai respectfully requests that the Court dismiss SFA's indirect infringement claims, with prejudice.

Dated: August 17, 2010                              Respectfully Submitted,


POTTER MINTON, P.C.

*/s/ Douglas R. McSwane, Jr.*

Douglas R. McSwane, Jr.
TX State Bar No. 13861300
dougmcswane@potterminton.com
110 N. College, Suite 500
Tyler, Texas 75702
Telephone: 903.597.8311
Facsimile: 903.593.0846

Peter C McCabe, III
IL Bar No. 6190379
pmccabe@winston.com
WINSTON & STRAWN LLP
35 W Wacker Dr
Chicago, IL 60601
Telephone: 312.558.5600
Facsimile: 312.558.5700

Gene C. Schaerr
DC Bar 416368
gschaerr@winston.com
John W. Moss
DC Bar 987113
jwmoss@winston.com
Geoffrey P. Eaton

5

>NY Bar 3000841
>geaton@winston.com
>WINSTON & STRAWN, LLP
>1700 K Street NW
>Washington, DC 20006
>Telephone: 202.282.5000
>Facsimile: 202.282.5100
>
>**ATTORNEYS FOR HYUNDAI MOTOR AMERICA**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on August 17, 2010. Any other counsel of record will be served by first class mail.

>/s/ Douglas R. McSwane, Jr. ___
>Douglas R. McSwane, Jr.