UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| SFA SYSTEMS, LLC,<br><br>     Plaintiff,<br><br>v.<br><br>BIGMACHINES, INC., et al.,<br><br>     Defendants. | 6:10-CV-00300-LED |

BIGMACHINES' ANSWER AND COUNTERCLAIMS TO
SFA'S COMPLAINT AND DEMAND FOR JURY TRIAL

Defendant BigMachines, Inc. ("BigMachines") files this Answer and Counterclaims to Plaintiff SFA Systems, LLC's ("SFA") Complaint and Demand for Jury Trial (the "Complaint"). BigMachines denies the allegations and characterizations in the Complaint unless expressly admitted in the following paragraphs:

1.  BigMachines lacks knowledge sufficient to confirm or deny the allegations of Paragraph 1 and therefore denies the same.

2.  BigMachines admits it is a Delaware corporation, with its corporate headquarters and principal place of business at 570 Lake Cook Road, Deerfield, Illinois 60015. BigMachines admits it has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808, as its agent for service of process.

3.  Paragraph 3 does not require a response by BigMachines. To the extent that Paragraph 3 is deemed to require a response, BigMachines lacks knowledge sufficient to confirm or deny the allegations of Paragraph 3 and therefore denies the same.

4.      Paragraph 4 does not require a response by BigMachines. To the extent that Paragraph 4 is deemed to require a response, BigMachines lacks knowledge sufficient to confirm or deny the allegations of Paragraph 4 and therefore denies the same.

5.      Paragraph 5 does not require a response by BigMachines. To the extent that Paragraph 5 is deemed to require a response, BigMachines lacks knowledge sufficient to confirm or deny the allegations of Paragraph 5 and therefore denies the same.

6.      Paragraph 6 does not require a response by BigMachines. To the extent that Paragraph 6 is deemed to require a response, BigMachines lacks knowledge sufficient to confirm or deny the allegations of Paragraph 6 and therefore denies the same.

7.      Paragraph 7 does not require a response by BigMachines. To the extent that Paragraph 7 is deemed to require a response, BigMachines lacks knowledge sufficient to confirm or deny the allegations of Paragraph 7 and therefore denies the same.

8.      BigMachines admits that this action arises under the patent laws of the United States, Title 35 of the United States Code. BigMachines admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). Except as expressly admitted herein, BigMachines denies each and every allegation of Paragraph 8.

9.      BigMachines admits it is subject to personal jurisdiction. BigMachines denies that it has committed the infringements alleged in the Complaint in the State of Texas or in this judicial district under any theory. To the extent that Paragraph 9 is deemed to require a response with respect to the other Defendants, BigMachines lacks knowledge sufficient to confirm or deny the allegations and therefore denies the same. Except as expressly admitted herein, BigMachines denies each and every allegation of Paragraph 9.

10. BigMachines admits that venue is proper in this district. BigMachines admits that it has transacted business in this district. BigMachines denies that it has committed and/or induced acts of infringement in this district under any theory. To the extent that Paragraph 10 is deemed to require a response with respect to the other Defendants, BigMachines lacks knowledge sufficient to confirm or deny the allegations and therefore denies the same. Except as expressly admitted herein, BigMachines denies each and every allegation of Paragraph 10.

11. BigMachines lacks knowledge sufficient to confirm or deny that SFA is the owner by assignment of U.S. Patent No. 6,067,525 (the "'525 Patent"). BigMachines admits that the face of the '525 Patent indicates that it is entitled "Integrated Computerized Sales Force Automation System." BigMachines admits that the face of the '525 Patent indicates it issued on May 23, 2000. BigMachines admits that a purported copy of the '525 Patent is attached to the Complaint as Exhibit A, but BigMachines lacks knowledge sufficient to confirm or deny it is a true and correct copy. Except as expressly admitted herein, BigMachines denies each and every allegation of Paragraph 11.

12. BigMachines admits that the face of Exhibit B to the Complaint indicates that it is an order by the Honorable Leonard Davis that construes claims in the '525 Patent ("Order"). BigMachines lacks sufficient knowledge to confirm or deny that Exhibit B is a true and correct copy of the Order. Except as expressly admitted herein, BigMachines denies each and every allegation of Paragraph 12.

13. BigMachines denies the allegations in Paragraph 13.

14. Paragraph 14 does not require a response by BigMachines. To the extent that Paragraph 14 is deemed to require a response, BigMachines lacks knowledge sufficient to confirm or deny the allegations of Paragraph 14 and therefore denies the same.

15. Paragraph 15 does not require a response by BigMachines. To the extent that Paragraph 15 is deemed to require a response, BigMachines lacks knowledge sufficient to confirm or deny the allegations of Paragraph 15 and therefore denies the same.

16. Paragraph 16 does not require a response by BigMachines. To the extent that Paragraph 16 is deemed to require a response, BigMachines lacks knowledge sufficient to confirm or deny the allegations of Paragraph 16 and therefore denies the same.

17. Paragraph 17 does not require a response by BigMachines. To the extent that Paragraph 17 is deemed to require a response, BigMachines lacks knowledge sufficient to confirm or deny the allegations of Paragraph 17 and therefore denies the same.

18. Paragraph 18 does not require a response by BigMachines. To the extent that Paragraph 18 is deemed to require a response, BigMachines lacks knowledge sufficient to confirm or deny the allegations of Paragraph 18 and therefore denies the same.

19. Paragraph 19 does not require a response by BigMachines. To the extent that Paragraph 19 is deemed to require a response, BigMachines denies the allegations of Paragraph 19.

20. BigMachines denies the allegations of Paragraph 20.

21. BigMachines denies the allegations of Paragraph 21.

22. BigMachines denies the allegations of Paragraph 22.

23. BigMachines requests that the Court deny all relief to SFA, including that requested by SFA in its Prayer for Relief.

24. SFA's request for a jury trial does not require a response by BigMachines.

## AFFIRMATIVE DEFENSES

BigMachines' Affirmative Defenses are listed below.  BigMachines reserves the right to amend its Answer to add additional Affirmative Defenses, including instances of inequitable conduct, consistent with the facts discovered in the case.

### FIRST DEFENSE

25.    BigMachines does not infringe and has not infringed any claim of the '525 Patent under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)).

### SECOND DEFENSE

26.    The '525 Patent is invalid because the alleged invention fails to satisfy the conditions for patentability specified in 35 U.S.C. § 100 *et seq.*, including §§ 101, 102, 103, and 112.

### THIRD DEFENSE

27.    To the extent that SFA, its alleged predecessors in interest to the '525 Patent, and their respective licensees, failed to properly mark any of their relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice that BigMachines' actions allegedly infringed the '525 Patent, BigMachines is not liable to SFA for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the '525 Patent.

## FOURTH DEFENSE

28. To the extent that SFA asserts that BigMachines indirectly infringes, either by contributory infringement or inducement of infringement, BigMachines is not liable to SFA for the acts alleged to have been performed before BigMachines knew that its actions would cause indirect infringement.

## FIFTH DEFENSE

29. SFA's attempted enforcement of the '525 Patent against BigMachines is barred by laches and estoppel.

## COUNTERCLAIMS

### The Parties

30. Counterclaim Plaintiff BigMachines, Inc. is a Delaware corporation, with its principal place of business in Illinois.

31. On information and belief based solely on Paragraph 1 of the Complaint as pled by SFA, SFA is a Texas limited liability company, with its principal place of business located in Marshall, Texas.

### Jurisdiction

32. This counterclaim arises under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq.* and 28 U.S.C. §§ 1331, 1338, 1367, and 2201-02.

33. Venue is proper in this district pursuant to at least 28 U.S.C. §§ 1391 and 1400. Venue is further proper in the Tyler Division.

## Count I

### Declaratory Relief Regarding Non-infringement

34. Based on SFA's filing of this action and BigMachines' First, Third, Fourth, and Fifth Defenses, an actual controversy has arisen and now exists between the parties as to whether BigMachines infringes the '525 Patent.

35. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq*., BigMachines requests a declaration by the Court that it does not infringe any claim of the '525 Patent under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)).

## Count II

### Declaratory Relief Regarding Invalidity

36. Based on SFA's filing of this action and BigMachines' Second Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '525 Patent.

37. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq*., and 35 U.S.C. § 100 *et seq*., BigMachines requests a declaration by the Court that the claims of the '525 Patent are invalid.

## PRAYER

BigMachines respectfully requests a judgment against SFA as follows:

A. A declaration that the asserted claims of the '525 Patent are invalid;

B. A declaration that BigMachines does not infringe, under any theory, any valid claim of the '525 Patent that may be enforceable;

C. A declaration that SFA take nothing by its Complaint;

D. Judgment against SFA and in favor of BigMachines;

E. Dismissal of the Complaint with prejudice;

F. An award to BigMachines of its costs and attorneys' fees incurred in this action; and

G. Further relief as the Court may deem just and proper.

## JURY DEMAND

BigMachines hereby demands trial by jury on all issues.

Dated: August 18, 2010

Respectfully submitted,

FISH & RICHARDSON P.C.

By: */s/ Neil J. McNabnay*
Neil J. McNabnay
Texas Bar No. 24002583
njm@fr.com
Britnee M. Reamy
Texas Bar No. 24053439
bmr@fr.com
1717 Main Street, Suite 5000
Dallas, Texas 75201
(214) 747-5070 - Telephone
(214) 747-2091 - Facsimile

**Counsel for Defendant
BIGMACHINES, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on August 18, 2010, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Neil J. McNabnay*
Neil J. McNabnay