## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| SFA SYSTEMS, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 6:10-cv-00300 |
| 1. BIGMACHINES, INC.; | § § | |
| 2. BECKMAN COULTER, INC.; | § § | |
| 3. ENTERASYS NETWORKS, INC.; | § § | |
| 4. RICOH AMERICAS CORPORATION; | § § | |
| 5. HYUNDAI MOTOR AMERICA, INC.; and | § § § | |
| 6. CARESTREAM HEALTH, INC., | § § | |
| Defendants. | § | |

**MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6) OR ALTERNATIVELY FOR A MORE DEFINITE STATEMENT UNDER FED. R. CIV. P. 12(e) BY ENTERASYS NETWORKS, INC.**

# TABLE OF CONTENTS

Page

STATEMENT OF THE ISSUES TO BE DECIDED BY THE COURT..................................1
INTRODUCTION ..............................................................................................................1
FACTS ...............................................................................................................................1
ARGUMENT......................................................................................................................2
    A.    SFA's Claims of Direct Infringement Fail to Meet the Requirements of Rule 8. ..................................................................................................................3
    B.    SFA's Claim of Indirect Infringement Fails to Meet the Pleading Requirements of Rule 8 and Fails to Allege Facts Sufficient to Support a Claim for Relief..........................................................................................................7
        1.    Indirect Infringement Is Not Sufficiently Pleaded Because SFA Fails to Identify a Direct Infringer. .........................................................8
        2.    SFA Fails to Set Forth Sufficient Facts or Plead Sufficient Elements to Support a Claim of Indirect Infringement by Inducement or Contributory Infringement................................................9
            a.    Inducement Is Not Sufficiently Pleaded Because Neither Knowledge Nor Intent Is Alleged. ................................................10
            b.    Contributory Infringement Is Not Sufficiently Pleaded Since Neither Knowledge Nor Materiality Is Alleged ...........................11
CONCLUSION.................................................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 84 S. Ct. 1526 (1964) ..........12

*Ashcroft v. Iqbal*, 556 U.S. __; 129 S. Ct. 1937, 1949 (2009) .............................. 2, 3, 4, 8, 10, 11

*Bedrock Computer Techs., LLC v. Softlayer Techs. Inc.*, Case No. 6:09-cv-269, 2010 U.S. Dist. LEXIS 62711 (E.D. Tex. March 29, 2010) ........................................................................8

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555; 127 S. Ct. 1955, 1964 (2007) 2, 3, 4, 5, 6, 8, 11

*Cross Meds. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293 (Fed. Cir. 2005) ..........................................................................................................................................10

*DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293 (Fed. Cir. 2006) (*en banc*) ..........................10

*Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263 (Fed. Cir. 2004) .........................9

*Eolas Tech., Inc. v. Adobe Sys., Inc.*, Case No. 6:09-CV-446, D.E. 282, slip op. (E.D. Tex. May 6, 2010) ........................................................................................................................8

*Golden Blount v. Robert H. Peterson Co.*, 365 F.3d 1054 (Fed. Cir. 2004) ................................12

*Grice Eng'g v. Jg Innovations*, Case No. 09-cv-632, 2010 U.S. Dist. LEXIS 20314 (W.D. Wis. March 4, 2010) ..........................................................................................................10

*i2 Tech., Inc. v. Oracle Corp.*, Case No. 6:09-cv-194, D.E. 79, slip op. (E.D. Tex. Mar. 29, 2010) .......................................................................................................................................6, 9

*Joao Bock Transaction Sys. of Texas, LLC v. AT&T, Inc.*, No. 6:09-cv-208, D.E. 195, slip op. (E.D. Tex. Mar. 29, 2010) ..................................................................................................6

*Landmark Tech. LLC v. Aeropostale*, No. 6:09-cv-262, slip op. (E.D. Tex. Mar. 29, 2010) ......5, 6

*Mallinckrodt Inc. and Leibel-Flarsheim Co. v. E-Z-EM Inc. and Acist Medical Sys., Inc.*, 670 F. Supp. 2d 349 (D. Del. 2009) ..........................................................................................11, 12

*Manville Sales Corp. v. Paramount Sys., Inc.*, 917 F.2d 544 (Fed. Cir. 1990) ............................10

*Papasan v. Allain*, 478 U.S. 265 (1986) ........................................................................................3

*Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.*, 203 F.3d 790 (Fed. Cir. 2000) ..............7, 8

*Realtime Data, LLC v. Morgan Stanley, et al.*, Case No. 6:09-cv-326, 2010 U.S. Dist. LEXIS 58049, (E.D. Tex. May 7, 2010) ..................................................................................9

**Page(s)**

**CASES**

*RF Del., Inc. v. Pac Keystone Techs., Inc.*, 326 F.3d 1255 (Fed. Cir. 2003) .................................... 9

*Takeda Chemical Industries, Ltd. v. Watson Pharmaceuticals, Inc.*, 329 F. Supp. 2d 394 (S.D.N.Y. 2004) ................................................................................................................. 11

*Wyeth v. Lupin, Ltd.*, 505 F. Supp. 2d 303 (D. Md. 2007) ............................................................ 11

## STATEMENT OF THE ISSUES TO BE DECIDED BY THE COURT

Whether SFA's single claim asserting both direct and infringement against Enterasys Network, Inc. by recitation of generic business-related activities in its Complaint meets the pleading requirements of Fed. R. Civ. P. 8 where it does not specifically identify the alleged infringing system or method.

Whether SFA's claim of indirect infringement against Enterasys Network, Inc. meets the pleading requirements of Fed. R. Civ. P. 8 where it does not identify the direct infringer, and where it does not plead any factual allegations to support a claim for indirect infringement.

## INTRODUCTION

Enterasys Network, Inc. ("Enterasys") hereby moves this Court to dismiss Plaintiff SFA Systems, LLC's ("SFA") claims of direct and indirect infringement under 35 U.S.C. §271 set forth in SFA's Complaint [D.E. 1] ("Complaint") against Enterasys for failure to state a claim upon which relief may be granted or alternatively to compel SFA to amend its Complaint to set forth a more definite statement of its claims of direct and indirect infringement.

## FACTS

On June 17, 2010, SFA filed a Complaint accusing Enterasys, amongst others, of infringement of U.S. Patent No. 6,067,525 (the "'525 Patent") titled "Integrated Computer Sales Force Automation System." Complaint [D.E. 1]. The '525 Patent is generally directed to "a salesforce automation system which integrates computerized, intelligent automated salesperson support for multiple phases of the sales process." The '525 Patent has 43 claims. Complaint [D.E. 1], Exh. A, '525 Patent, Abstract, attached hereto for convenience at Exhibit 1. The '525 Patent has been asserted by SFA in at least one previous litigation and was there construed by this Court, thus providing Plaintiff SFA with further instruction as to the scope of the patent. Complaint [D.E. 1], Exh. B, Claim Construction.

Notwithstanding Plaintiff's certain familiarity with the patent, the Complaint broadly accuses Enterasys of infringement, providing no indication as to how Enterasys allegedly infringes:

> 15. Defendant Enterasys has been and now is directly infringing, and indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '525 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, enterasys.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '525 Patent to the injury of SFA. Defendant Enterasys is thus liable for infringement of the '525 Patent pursuant to 35 U.S.C. § 271.

Complaint [D.E. 1] at ¶15.

As shown from the excerpt above, the Complaint fails to identify a specific accused product or functionality. SFA does not accuse any specific infringing product, system or method. Nor does SFA identify any other Enterasys-specific method or system or act that meets the listed additional accused systems and methods identified only as "making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems." There is no other paragraph of the Complaint that provides any additional information as to the Enterasys-accused systems and methods.

With respect to SFA's claims of indirect infringement, as is also clear from the excerpt above, SFA does not identify any direct infringer or act of direct infringement. Moreover, SFA does not allege any of the required elements of either form of indirect infringement.

## ARGUMENT

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant <u>fair notice</u> of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555; 127 S. Ct. 1955, 1964 (2007); *Ashcroft v. Iqbal,* 556 U.S. __; 129 S. Ct. 1937, 1949 (2009)

(stating that FED. R. CIV. P. 8(a)(2) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations but a plaintiff must plead sufficient factual allegations to show that it is plausibly entitled to relief. *Twombly*, 550 U.S. at 555–56, 570.

Factual allegations must be included in a complaint sufficient "to raise a right to relief above the speculative level." *Id.* This requires more than "labels," "conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* And, while on a motion to dismiss, factual allegations must be accepted as true, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). As the Supreme Court recently explained in *Ashcroft v. Iqbal*, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." 129 S. Ct. at 1949.

The Complaint filed by SFA Systems, LLC ("SFA") against Enterasys Network, Inc. ("Enterasys") fails to meet Rule 8 requirements as to its claims of direct and indirect infringement by generically asserting that Enterasys infringes "by, among other things, methods practiced on various websites (including, but not limited to, enterasys.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '525 Patent to the injury of SFA." The claim against Enterasys is, at best, nothing more than "a formulaic recitation of the elements of a cause of action" for patent infringement, and as the Supreme Court has held, simply "will not do." *Twombly*, 550 U.S. at 555.

### A. SFA's Claims of Direct Infringement Fail to Meet the Requirements of Rule 8.

SFA's Complaint is, at best, nothing more that "a formulaic recitation" of the asserted patent and does not provide Enterasys with fair notice of what the claim is and the grounds upon

which it rests. *Twombly*, 550 U.S. at 555. Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, but a plaintiff must plead sufficient factual allegations to show that he is plausibly entitled to relief. *Twombly*, 550 U.S at 555–56, 570 ("[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face."); *see also Iqbal*, 129 S. Ct. at 1949–50, 1953 (2009) (discussing *Twombly* and applying *Twombly* generally to civil actions pleaded under Rule 8). Nevertheless, some showing that the pleader is entitled to relief is required.

"Determining whether the complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950. Thus, notwithstanding the minimum requirements of Form 18, whether the complaint states a plausible claim for relief should be considered within the context of the patent and the asserted claims.

Here, SFA does not identify the infringing product, system, or act nor does it identify the asserted claims. Instead, the Complaint provides a laundry list of generic business-related methods and systems, without any specification of what these Enterasys methods or systems are ("methods practiced on various websites (including, but not limited to, enterasys.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems"). While the Complaint identifies "methods practiced on various web-sites (including, but not limited to, enterasys.com)", it fails to allege which web-page or pages of Enterasys' web-site (including greater than 100 web-pages) or other functionality of the Enterasys web-site infringes. Additionally, while the Complaint identifies, for example, "sales

methods," an activity that arguably may encompass most if not all activities practiced by a business directed to selling a service or product, there is no identification of any particular "sales method" practiced by Enterasys. The remaining activities alleged in the complaint, making and using supply chain methods, sales systems, marketing methods, marketing systems, and inventory systems are no more informative. SFA's generic list is simply not enough to provide Enterasys with "fair notice" of SFA's claims of infringement. The allegations provide no direction or assistance to Enterasys in understanding what portion of its web-site or what other acts or methods are accused of infringement; there is no further detail as to what aspect of the Enterasys web-site or what "supply chain method", "sales method", "sales system", "marketing method", "marketing system", or "inventory systems" may infringe the asserted patent.

Allegation of some infringing product or act is necessary to meet the pleading requirements under recent Supreme Court precedent. *Twombly*, 550 U.S. at 555. Here, SFA fails to identify with sufficient specificity to provide notice the infringing system, feature, or act. Instead, by merely identifying the Enterasys web-site, "supply chain method", "sales method", "sales system", "marketing method", "marketing system", or "inventory systems", SFA provides no actual notice of an identifiable activity that allegedly infringes. This asserted infringement by "methods practiced on various websites", "supply chain method", "sales method", "sales system", "marketing method", "marketing system", or "inventory systems" is so vague and overbroad that it fails to provide Enterasys with any fair notice of the accused features or functionality. Identifying these generic activities in connection with a patent that is directed to systems and methods for salesforce automation system is nothing more than a "legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. This is not sufficient. *See e.g.*, *Landmark Tech. LLC v. Aeropostale*, No. 6:09-cv-262, slip op. at 5 (E.D. Tex. Mar. 29, 2010)

(Hon. J. Davis) (Doc. No. 122) (unpublished at this time) (granting motion to dismiss for failure to state a claim where plaintiff identifies only "electronic commerce systems").

SFA's vague claim of infringement in the Complaint does not set forth enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555; *Joao Bock Transaction Sys. of Texas, LLC v. AT&T, Inc.*, No. 6:09-cv-208, slip op. at 5 (E.D. Tex. Mar. 29, 2010) (Hon. J. Davis) (Doc. No. 195) (unpublished at this time) (granting motion to dismiss complaint where the plaintiff alleged "infringement by making, using, importing, providing, offering to sell, advertising and/or selling (directly or through intermediaries), in this District and elsewhere in the United States, infringing products and services" without identifying a single infringing product or service); *i2 Tech., Inc. v. Oracle Corp.*, No. 6:09-cv-194, slip op. at 4 (E.D. Tex. Mar. 29, 2010) (Hon. J. Davis) (Doc. No. 79) (unpublished at this time) (granting motion to dismiss complaint that did not identify any accused products or services).

Indeed, the broad allegation of infringement in SFA's Complaint is akin to identifying "electronic commerce systems," an allegation so broad that this Court ruled that it did not and could not meet the pleading requirements of Rule 8 and Form 18. *Landmark Tech. LLC*, No. 6:09-cv-262, slip op. at 5.

SFA's most specific accusation is directed to the Enterasys web-site. But the Complaint refers only in passing to the Enterasys website-indeed, each defendants' website is identified only in parentheses after the identification of the accused "methods practiced on various websites." There is no explanation as to what pages of the web-site infringe, what web-site functionality infringes, or any other indication as to how the site infringes. Defendant is left guessing as to why it, amongst all others with a web-site, was targeted for this action. This fleeting and non-exclusive reference to each defendant's web-site—the only defendant-specific

reference—is simply too broad to provide Enterasys with "sufficient knowledge of the facts alleged to enable [it] to answer the [C]omplaint and defend itself." *Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.*, 203 F.3d 790, 794 (Fed. Cir. 2000).

Indeed, without further specification, SFA's vaguely worded Complaint forces Enterasys to undertake broader infringement analysis to determine which feature or functionality of the Enterasys web-site potentially infringes the '525 Patent, as well as to undertake extremely burdensome infringement analysis to any and all "supply chain method", "sales method", "sales system", "marketing method", "marketing system", or "inventory systems" used by Enterasys within or outside its web-site. Similar difficulty results in connection with discovery obligations – Enterasys is forced to chose between a overly broad and therefore overly expensive document production if it chooses to begin the process now or an expedited and thus overly expensive document review later if it chooses to wait for SFA's P.R. 3-1 disclosures to begin the document identification and review process. In addition, Enterasys is not able to conclusively identify potential indemnifying parties because SFA has not yet adequately identified the allegedly infringing system, method, features and/or functionality. Enterasys' overall case preparation is hampered by the vague infringement claims against it.

Accordingly, the Complaint must be dismissed under FED. R. CIV. P. 12 for failure to state a claim or, alternatively, be amended to set forth a more definite statement of its allegation of direct and indirect infringement against Enterasys so that Enterasys may understand the claims against it and be able to defend itself against such claims.

**B.     SFA's Claim of Indirect Infringement Fails to Meet the Pleading Requirements of Rule 8 and Fails to Allege Facts Sufficient to Support a Claim for Relief.**

In addition to the fatal deficiency identified above, the Complaint separately fails to state a claim as to indirect infringement because SFA has failed to plead essential elements or allege

sufficient facts to meet the minimum pleading requirements for a claim of indirect patent infringement under FED. R. CIV. P. 8. To meet the notice requirements of Rule 8, a plaintiff must plead "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949. The pled "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965; *Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.*, 203 F.3d 790, 794 (Fed. Cir. 2000)).

While the Federal Circuit has not addressed the level of pleading required for indirect infringement under the standard of *Iqbal* and *Twombly*, the district courts in the Eastern District of Texas, including this Court, have addressed the requisite level of pleading for indirect infringement and in doing so have found indirect infringement claims insufficiently pled when such claims do not set forth facts sufficient to plausibly state a claim for indirect infringement. Here, SFA fails to set forth sufficient facts to support its claim and accordingly, the claim must fail or be amended to provide sufficient detail to adequately put Enterasys on notice of its indirect infringement claim.

### 1. Indirect Infringement Is Not Sufficiently Pleaded Because SFA Fails to Identify a Direct Infringer.

SFA fails to meet the pleading requirements as to indirect infringement most notably because it does not identify a direct infringer. Recent decisions have repeatedly held that, to sufficiently plead a claim of indirect infringement, the plaintiff must identify a direct infringer. *Eolas Tech., Inc. v. Adobe Sys., Inc.*, Case No. 6:09-CV-446, D.E. 282 at *5 (E.D. Tex. May 6, 2010) (Hon. J. Davis) (dismissing claims of indirect infringement under Rule 12(b)(6) because plaintiff failed to identify direct infringer and specifically holding that compliance with Form 18 does not necessarily correspond to sufficient pleadings to meet the requirements of FED. R. CIV. P. 8); *Bedrock Computer Techs., LLC v. Softlayer Techs. Inc.*, Case No. 6:09 CV 269, 2010 U.S.

Dist. LEXIS 62711, (E.D. Tex. March 29, 2010) (Hon. J. Davis) (dismissing claim for indirect infringement and requiring at least identification of direct infringer to sustain such claim); *Realtime Data, LLC v. Morgan Stanley, et al.*, Case No. 6:09-326, 2010 U.S. Dist. LEXIS 58049, (E.D. Tex. May 7, 2010) (U.S.M.J. Love) (recommending dismissal where plaintiff's complaint failed to identify which patents are indirectly infringed, and failed to identify a direct infringer in reference to its indirect infringement claims); *i2 Tech., Inc. v. Oracle Corp.*, Case No. 6:09-cv-194, D.E. 79 (E.D. Tex. Mar. 29, 2010) (Hon. J. Davis).

Here, SFA fails to identify any direct infringer specifically or generically. Accordingly, its claims for indirect infringement must be dismissed or alternatively, amended to identify a direct infringer.

### 2. SFA Fails to Set Forth Sufficient Facts or Plead Sufficient Elements to Support a Claim of Indirect Infringement by Inducement or Contributory Infringement.

In addition to failing to identify an direct infringer, SFA fails to identify which claims are indirectly infringed, fails to plead any other element of either inducement or contributory infringement, such as intent and knowledge, and fails to allege any facts to support an allegation of indirect infringement such that a claim of indirect infringement is plausible on it face. *Realtime Data, LLC v. Morgan Stanley, et al.*, Case No. 6:09-326, 2010 U.S. Dist. LEXIS 58049, (E.D. Tex. May 7, 2010) (U.S.M.J. Love). To plead a claim for indirect infringement against Enterasys, SFA must not just plead that someone other than Enterasys directly infringes the '525 Patent, but also that there is a likelihood beyond mere speculation that Enterasys meets the required elements of inducement or contributory infringement. *See, e.g., RF Del., Inc. v. Pac Keystone Techs., Inc.*, 326 F.3d 1255, 1268 (Fed. Cir. 2003); *see also Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1274 (Fed. Cir. 2004) ("A defendant's liability for indirect infringement must relate to the identified instances of direct infringement.").

Here, SFA fails to plead any necessary element of inducement or contributory infringement, or to allege any facts linking Enterasys to such unidentified instances of indirect infringement. Complaint [D.E. 1]. Without those necessary factual allegations, SFA's inducement and contributory infringement claims cannot support even a speculative claim for relief and must fail. Indeed, to permit a claim of inducement or contributory infringement without these requirements allows a plaintiff to assert a claim of indirect infringement without the required Rule 11 belief that defendant has committed such infringement.

### a. Inducement Is Not Sufficiently Pleaded Because Neither Knowledge Nor Intent Is Alleged.

To meet the requirements of Rule 8 as to a claim for inducement, SFA must plead factual allegations "enough to raise a right to relief at the speculative level." *Iqbal*, 129 S. Ct. at 1965. SFA does not meet this modest burden.

Inducement requires that the alleged infringer knew of the asserted patent and "knowingly induced infringement and possessed specific intent to encourage another's infringement." *Cross Meds. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1312 (Fed. Cir. 2005); *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1304 (Fed. Cir. 2006) (*en banc*) ("The requirement that the alleged infringer knew or should have known his actions would induce actual infringement necessarily includes the requirement that he or she knew of the patent.") (*citing Manville Sales Corp. v. Paramount Sys., Inc.*, 917 F.2d 544, 554 (Fed. Cir. 1990)).

Thus, to meet Rule 8, a plaintiff must allege knowledge of the patents and intent to cause infringement. *See e.g., Grice Eng'g v. Jg Innovations*, Case No. 09-cv-632, 2010 U.S. Dist. LEXIS 20314 at *29 (W.D. Wis. March 4, 2010) (finding a claim for inducing infringement to be adequately pled where plaintiff asserted that defendant was "aware of plaintiff's patent rights

… and acted willfully to infringe plaintiff's patent"); *Mallinckrodt Inc. and Leibel-Flarsheim Co. v. E-Z-EM Inc. and Acist Medical Sys., Inc.*, 670 F. Supp. 2d 349, 354 (D. Del. 2009) (holding that companies' complaint stated a claim for direct infringement under 35 U.S.C. §271(a) but that companies failed to properly plead indirect infringement claims because companies' complaint did not specifically allege that corporations had knowledge of patent at time they were committing the allegedly infringing activities and the companies did not specifically allege any intent to induce infringement under 35 U.S.C. §271(b)); *Takeda Chemical Industries, Ltd. v. Watson Pharmaceuticals, Inc.*, 329 F. Supp. 2d 394, 401 (S.D.N.Y. 2004) (allegations that "Watson has taken and will take acts to induce infringement" of specified patents is "sufficient to state a claim"); *Wyeth v. Lupin, Ltd.*, 505 F. Supp. 2d 303, 308 (D. Md. 2007) (allegations of aiding and abetting infringement sufficient to "satisf[y] the notice pleading requirements"). Without such allegations, a claim for inducement does not state a claim that is plausible on its face. *Twombly*, 550 at 556 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") discussed in *Ashcroft v. Iqbal*, 129 S. Ct. at 1950-52.

SFA's Complaint does not set forth any factual allegation of knowledge of the patent or intent to cause infringement. Accordingly, SFA has failed to state a claim as to inducement upon which relief can be granted.

### b. Contributory Infringement Is Not Sufficiently Pleaded Since Neither Knowledge Nor Materiality Is Alleged

Similarly, any assertion of contributory infringement is not supported by the SFA Complaint and fails to meet the requirements of Rule 8. Contributory infringement requires that the alleged material or apparatus that constitutes a component or other material part of the invention be "not a staple article or commodity of commerce suitable for substantial

noninfringing use," *Golden Blount v. Robert H. Peterson Co.*, 365 F.3d 1054, 1061 (Fed. Cir. 2004), and "that the alleged contributory infringer knew that the combination for which his component was especially designed was both patented and infringing." *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 488, 84 S. Ct. 1526 (1964). SFA has failed to plead these elements and has not made a single factual allegation in the Complaint to support a claim for contributory infringement. *See e.g., Mallinckrodt Inc. and Leibel-Flarsheim Co. v. E-Z-EM Inc. and Acist Medical Sys., Inc.*, 670 F. Supp. 2d 349, 354 (D. Del. 2009) (holding that the plaintiff failed to state a claim for contributory infringement). Accordingly, SFA has failed to state a claim as to contributory infringement upon which relief can be granted.

## CONCLUSION

Defendant Enterasys respectfully requests that this Court dismiss Plaintiff SFA's claims of direct infringement and indirect infringement against Enterasys for failure to state a claim because SFA has failed in its Complaint to adequately identify any product, service or act that infringes the asserted patent to support a claim of direct infringement against Enterasys and failed to identify any direct infringer to support any claim of indirect infringement. SFA has also failed to plead sufficient facts to support other elements of the claims for direct infringement. Alternatively, Enterasys requests that this Court compel SFA to amend its complaint to adequately identify the accused system or methods in order to provide Enterasys with fair notice of the alleged infringement.

Dated: August 18, 2010

Respectfully Submitted,

ENTERASYS NETWORKS, INC.
By its attorneys,

/s/ Michael E. Richardson
Michael E. Richardson
State Bar No. 24002838
BECK REDDEN & SECREST
1221 McKinney, Suite 4500
Houston, TX 77010-2010
Tel: 713.951.3700
Fax: 713.951.3720
mrichardson@brsfirm.com

Michael T. Renaud
MA Bar No. 629783
PEPPER HAMILTON LLP
15th Floor, Oliver Street Tower
125 High Street
Boston, Massachusetts 02110-2736
Tel: 617.204.5103
Fax: 617.204.5150
renaudm@pepperlaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) this 18th day of August, 2010. Any other counsel of record will be served by facsimile transmission and/or first class mail.

/s/ Michael E. Richardson
Michael E. Richardson