# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| SFA SYSTEMS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | Civil Action No. 6:10-cv-00300-LED |
| BIGMACHINES, INC.; | § | |
| BECKMAN COULTER, INC.; | § | JURY DEMANDED |
| ENTERASYS NETWORKS, INC.; | § | |
| RICOH AMERICAS CORPORATION; | § | |
| HYUNDAI MOTOR AMERICA, INC.; and | § | |
| CARESTREAM HEALTH, INC., | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF SFA SYSTEMS, LLC'S ANSWER TO THE COUNTERCLAIMS OF RICOH AMERICAS CORPORATION

Plaintiff, SFA Systems, LLC ("SFA") hereby Answers the Counterclaims of Defendant Ricoh Americas Corporation ("Ricoh") filed August 13, 2010 (Dkt 28).

## ANSWER TO COUNTERCLAIMS

Unless otherwise addressed herein with an admission, the Plaintiff SFA generally denies all allegations in the Counterclaim. Each specific allegation is addressed as follows:

1. Defendant Ricoh Americas Corporation ("Ricoh") is a Delaware corporation organized and existing under the laws of the State of Delaware with its principal place of business at 5 Dedrick Place, West Coldwell, New Jersey 77006.

   **ANSWER:**   Admitted

2. On information and belief, Plaintiff SFA Systems, LLC ("SFA") is a Limited Liability Company existing under the laws of the State of Texas with its principal place of business at 207 C North Washington Avenue, Marshall, Texas 75670.

   **ANSWER:**   Admitted

3. Subject to Ricoh's affirmative defenses and denials, Ricoh alleges that this Court has jurisdiction over the subject matter of these Counterclaims under, without limitation, 28 U.S.C. §§ 1331, 1367, 1338(a), 2201 and 2202.

**ANSWER:** Admitted

4. By filing its Complaint, Plaintiff/Counterdefendant SFA has consented to personal jurisdiction of this Court.

**ANSWER:** Admitted

5. Ricoh maintains its right to seek a transfer of venue on forum non conveniens grounds or pursuant to 28 U.S.C. § 1404. In the event of such transfer, Ricoh consents to the transfer of its counterclaims set forth herein for the transferee forum. To the extent that this action remains in this District, venue is appropriate because SFA has consented to the propriety of venue in this Court by filings its claim for patent infringement in this Court, in response to which these counterclaims are asserted.

**ANSWER: Admitted that venue in this judicial district is appropriate. The remainder of the allegations in this paragraph are denied.**

6. In its Amended Complaint, SFA asserts that Ricoh has infringed U.S. Patent No. 6,067,525 ("the '525 Patent")

**ANSWER:** Admitted

7. The '525 Patent is invalid and/or has not been and is not infringed by Ricoh, directly or indirectly**.**

**ANSWER:** Denied.

8. Consequently, there is an actual case or controversy between the parties over the non-infringement, invalidity, and/or unenforceability of the '525 Patent.

**ANSWER:   Admitted**

## COUNT ONE

9. Ricoh restates and realleges Paragraphs 1 through 7 above as if set forth fully herein.

**ANSWER:   Plaintiff SFA incorporates by reference its responses to Paragraphs 1 through 7 above.**

10. An actual case of controversy exists between Ricoh and SFA as to whether the '525 Patent is not infringed by Ricoh.

**ANSWER:   Admitted**

11. A judicial declaration is necessary and appropriate so that Ricoh may ascertain its rights regarding the '525 Patent.

**ANSWER: Admitted that Ricoh seeks a judicial declaration of its rights regarding the `525 patent.  The remainder of the allegations in this paragraph are denied.**

12. By this Counterclaim, Ricoh seeks a declaration that is has not infringed and does not infringe, directly or indirectly, willfully or otherwise, any valid and enforceable claim of the '525 Patent, either literally or under the doctrine of equivalents.  Further, Ricoh seeks a declaration that it has not contributed to or induced and does not contribute to or induce infringement of the '525 Patent.

**ANSWER:   Admitted that Ricoh seeks a judicial declaration of its rights regarding the `525 patent.  The remainder of the allegations in this paragraph are denied.**

## COUNT TWO

13. Ricoh restates and realleges Paragraphs 1 through 12 above as if set forth fully herein.

**ANSWER:** **Plaintiff SFA incorporates by reference its responses to Paragraphs 1 through 12 above.**

14. An actual case or controversy exists between Ricoh and SFA as to whether the '525 Patent is invalid.

**ANSWER:** **Admitted.**

15. A judicial declaration is necessary and appropriate so that Ricoh may ascertain its rights as to whether the '525 Patent is invalid.

**ANSWER:** **Admitted that Ricoh seeks a judicial declaration of its rights regarding the `525 patent. The remainder of the allegations in this paragraph are denied.**

16. By this counterclaim, Ricoh seeks a declaration that the '525 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 101, 102, 103, 111, 112, 116, 132 and/or 251.

**ANSWER:** **Admitted that Ricoh seeks a judicial declaration of its rights regarding the `525 patent. The remainder of the allegations in this paragraph are denied.**

17. This is an exceptional case under 35 U.S.C. § 285 including without limitation because SFA filed its Complaint with knowledge of the facts stated in this Counterclaim.

**ANSWER:** **Denied.**

18. This is an exceptional case against SFA under 35 U.S.C. § 285.

**ANSWER:** **Denied.**

Plaintiff SFA denies that Ricoh is entitled to any of the relief requested in connection with its counterclaims.

Dated: September 7, 2010 　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　**BUETHER JOE & CARPENTER, LLC**

　　　　　　　　　　　　　By:　　*/s/ Eric W. Buether*
　　　　　　　　　　　　　　　　Eric W. Buether
　　　　　　　　　　　　　　　　State Bar No. 03316880
　　　　　　　　　　　　　　　　Eric.Buether@BJCIPLaw.com
　　　　　　　　　　　　　　　　Christopher M. Joe
　　　　　　　　　　　　　　　　State Bar No. 00787770
　　　　　　　　　　　　　　　　Chris.Joe@BJCIPLaw.com
　　　　　　　　　　　　　　　　Brian A. Carpenter
　　　　　　　　　　　　　　　　State Bar No. 03840600
　　　　　　　　　　　　　　　　Brian.Carpenter@BJCIPLaw.com
　　　　　　　　　　　　　　　　1700 Pacific Avenue
　　　　　　　　　　　　　　　　Suite 2390
　　　　　　　　　　　　　　　　Dallas, Texas 75201
　　　　　　　　　　　　　　　　Telephone: (214) 466-1271
　　　　　　　　　　　　　　　　Facsimile: (214) 635-1827


　　　　　　　　　　　　　　　　Andrew Wesley Spangler
　　　　　　　　　　　　　　　　State Bar No. 24041960
　　　　　　　　　　　　　　　　**Spangler Law PC**
　　　　　　　　　　　　　　　　104 N. Houston St., Suite 135
　　　　　　　　　　　　　　　　Marshall, Texas  75670
　　　　　　　　　　　　　　　　Telephone:  (903) 935-3443
　　　　　　　　　　　　　　　　Facsimile:   (903) 938-7843
　　　　　　　　　　　　　　　　spangler@spanglerlawpc.com

　　　　　　　　　　　　　　　　David M. Pridham
　　　　　　　　　　　　　　　　RI State Bar No. 6625
　　　　　　　　　　　　　　　　**Law Office of David Pridham**
　　　　　　　　　　　　　　　　25 Linden Road
　　　　　　　　　　　　　　　　Barrington, Rhode Island 02806
　　　　　　　　　　　　　　　　Telephone:  (401) 633-7247
　　　　　　　　　　　　　　　　Facsimile:   (401) 633-7247
　　　　　　　　　　　　　　　　david@pridhamiplaw.com

　　　　　　　　　　　　　　　　**ATTORNEYS FOR PLAINTIFF
　　　　　　　　　　　　　　　　SFA SYSTEMS, LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a) on this 7th day of September 2010. Any other counsel of record will be served by facsimile transmission and first class mail.

/s/ Eric W. Buether
Eric W. Buether