**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **SFA SYSTEMS, LLC,** | § § § | |
| Plaintiff, | § § | CIVIL ACTION FILE |
| v. | § § | No. 6:10-cv-300-LED |
| **BIGMACHINES, INC. ET AL.,** | § § § | |
| Defendants. | § | <u>JURY TRIAL DEMANDED</u> |

## <u>DEFENDANT BECKMAN COULTER, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO COMPLAINT</u>

Defendant Beckman Coulter, Inc.'s ("Beckman") answers the Complaint of Plaintiff SFA Systems, LLC ("SFA"), asserts its affirmative defenses, and states its counterclaims as follows:

### **PARTIES**

1. Beckman lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 1 and therefore denies the same.

2. Paragraph 2 does not require a response from Beckman. To the extent Paragraph 2 is deemed to require a response, Beckman lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 2 and therefore denies the same.

3. Beckman admits that it is a Delaware corporation, with its corporate headquarters and principal place of business at 250 S. Kraemer Boulevard, Brea, California 92821. Beckman admits that it has appointed Corporate Service Company, 2711 Centerville Road, Wilmington, Delaware 19808 as its agent for service of process.

4. Paragraph 4 does not require a response from Beckman. To the extent Paragraph 4 is deemed to require a response, Beckman lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 4 and therefore denies the same.

5. Paragraph 5 does not require a response from Beckman. To the extent Paragraph 5 is deemed to require a response, Beckman lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 5 and therefore denies the same.

6. Paragraph 6 does not require a response from Beckman. To the extent Paragraph 6 is deemed to require a response, Beckman lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 6 and therefore denies the same.

7. Paragraph 7 does not require a response from Beckman. To the extent Paragraph 7 is deemed to require a response, Beckman lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 7 and therefore denies the same.

## JURISDICTION AND VENUE

8. Beckman admits that SFA purports to assert claims against Beckman that arise under 28 U.S.C. §§ 1331 and 1338(a) and the patent laws of the United States, Title 35 of the United States Code. Beckman also admits that this Court has subject matter jurisdiction over actions arising under the patent laws of the United States pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9. For the purposes of this litigation only, Beckman admits that it is subject to personal jurisdiction. Beckman denies that it has committed the infringements alleged in the State of Texas or in this judicial district. To the extent that Paragraph 9 is deemed to require a response regarding the other Defendants, Beckman lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations in Paragraph 9 and therefore denies the same.

10. For the purposes of this litigation only, Beckman admits that venue exists in this district under 28 U.S.C. §§ 1391(c) and 1400(b). Beckman denies that it has committed and/or

induced the acts of infringements alleged in this judicial district under any theory.  To the extent that Paragraph 10 is deemed to require a response regarding the other Defendants, Beckman lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations in Paragraph 10 and therefore denies the same.

### **INFRINGEMENT OF U.S. PATENT NO. 6,067,525**

11.   Beckman lacks sufficient information or knowledge to form a belief as to the truth of whether SFA is the owner by assignment of U.S. Patent No. 6,067,525 ("the '525 Patent").  Beckman admits the '525 Patent on its face purports to have issued on May 23, 2000 and lists a title of "Integrated Computerized Sales Force Automation System."  Beckman admits that a purported copy of the '525 Patent is attached to the Complaint as Exhibit A, but lacks sufficient information or knowledge to form a belief as to whether it is a true and correct copy.  Beckman denies any remaining allegations of Paragraph 11.

12.   Beckman admits that the face of Exhibit B to the Complaint indicates that it is an order by the Honorable Leonard Davis that construes claims in the '525 Patent ("Order").  Beckman lacks sufficient information or knowledge to form a belief as to whether Exhibit B is a true and correct copy of the Order.  Beckman denies any remaining allegations of Paragraph 12.

13.   Paragraph 13 does not require a response from Beckman.  To the extent Paragraph 13 is deemed to require a response, Beckman lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 13 and therefore denies the same.

14.   Beckman denies the allegations in Paragraph 14.

15.   Paragraph 15 does not require a response from Beckman.  To the extent Paragraph 15 is deemed to require a response, Beckman lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 15 and therefore denies the same.

16. Paragraph 16 does not require a response from Beckman. To the extent Paragraph 16 is deemed to require a response, Beckman lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 16 and therefore denies the same.

17. Paragraph 17 does not require a response from Beckman. To the extent Paragraph 17 is deemed to require a response, Beckman lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 17 and therefore denies the same.

18. Paragraph 18 does not require a response from Beckman. To the extent Paragraph 18 is deemed to require a response, Beckman lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 18 and therefore denies the same.

19. Paragraph 19 does not require a response by Beckman. To the extent that Paragraph 19 is deemed to require a response, Beckman denies the allegations of Paragraph 19 and affirmatively states that Plaintiff's purported reservations of right in Paragraph 19 is not effective and Beckman will oppose any requests by Plaintiff based on Paragraph 19 for a finding of willful infringement at time of trial.

20. Beckman denies the allegations of Paragraph 20.

21. Beckman denies the allegations of Paragraph 21.

22. Beckman denies the allegations of Paragraph 22.

### **RESPONSE TO PLAINTIFF SFA'S PRAYER FOR RELIEF**

Beckman denies that SFA is entitled to any of the relief sought in the prayer or any relief whatsoever.

Further responding to the Complaint, Beckman alleges as follows:

## AFFIRMATIVE DEFENSES

Beckman asserts the following affirmative defenses and reserves the right to amend its answer as additional information becomes available:

### FIRST DEFENSE

23. Beckman does not infringe and has not infringed, either directly, contributorily, or by inducement, any claim of the '525 Patent either literally or under the doctrine of equivalents.

### SECOND DEFENSE

24. Each and every claim of the '525 Patent is invalid, void and unenforceable for failure to satisfy one or more of the requirements for patentability specified in 35 U.S.C. § 100 et seq., including, but not limited to §§ 101, 102, 103, and 112.

### THIRD DEFENSE

25. To the extent that SFA, its predecessors in interest or its licensees in, to or under the '525 patent failed to properly mark any of their relevant products as required by 35 U.S.C. § 287 or to otherwise give proper notice that Beckman's actions allegedly infringed the '525 patent, Beckman is not liable to SFA for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the '525 patent.

### FOURTH DEFENSE

26. To the extent that SFA asserts that Beckman indirectly infringes, either by contributory infringement or inducement of infringement, Beckman is not liable to SFA for the acts alleged to have been performed because Beckman had no prior knowledge that its actions would cause indirect infringement.

## FIFTH DEFENSE

27. The '525 Patent is further unenforceable by reason of unclean hands, estoppel, laches, and waiver (express or implied), respectively.

## SIXTH DEFENSE

28. Upon information and belief, Beckman's manufacture, use, sale, offer for sale, or importation within the United States of any product or service claimed to be covered by or subject to the '525 Patent is subject to a license conferring such rights, and thus does not constitute infringement of any of the patents-in-suit.

## COUNTERCLAIMS

Defendant and Counterclaim Plaintiff Beckman, for its counterclaims against Plaintiff and Counterclaim Defendant SFA, alleges as follows:

29. Defendant and Counterclaim Plaintiff Beckman is a Delaware corporation, having its principal place of business at 250 S. Kraemer Boulevard, Brea, California 92821.

30. Upon information and belief, Plaintiff and Counterclaim Defendant SFA is a Texas limited liability company with its registered office located at 207 C North Washington Avenue, Marshall, Texas 75670.

31. In its Complaint, Plaintiff SFA avers that it owns all rights, title and interest in the patents-in-suit.

32. Under 28 U.S.C. § 1338(a), this Court has subject matter jurisdiction over these counterclaims for declaratory judgment, brought pursuant to the Federal Declaratory judgment Act, 28 U.S.C. §§ 2201 and 2202. Venue for this counterclaim is proper under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

33. Based on SFA's allegations of infringement, the Complaint SFA filed against Beckman, and prior litigation by SFA involving one or more of the patents-in-suit, a justiciable actual controversy exists between Beckman and the Counterclaim Defendant SFA concerning the alleged infringement, validity, and enforceability of the '525 Patent.

**FIRST COUNTERCLAIM**

**(Declaratory Judgment of Noninfringement)**

34. Beckman realleges and incorporates herein by reference the allegations in Paragraphs 29-33 above.

35. Beckman has not infringed and is not infringing (either directly, contributorily, or by inducement) any claim of the patents-in-suit.

36. Because there exists a real and justiciable controversy between the parties regarding infringement of the '525 Patent, this Court should make declarations that Beckman does not infringe the '525 Patent.

**SECOND COUNTERCLAIM**

**(Declaratory Judgment of Invalidity)**

37. Beckman realleges and incorporates herein by reference the allegations in Paragraphs 29-33 above.

38. The '525 Patent is invalid, void and unenforceable for failure to satisfy one or more of the requirements for patentability specified in 35 U.S.C. § 100 et seq., including, but not limited to §§ 101, 102, 103, and 112.

39. Because there exists a real and justiciable controversy between the parties regarding the validity of the '525 Patent, this Court should make declarations that the '525 Patent is invalid.

## EXCEPTIONAL CASE

40. This case is exceptional under 35 U.S.C. § 285.

## JURY DEMAND

Beckman demands a trial by jury on all issues so triable in this action.

## PRAYER FOR RELIEF

Wherefore, Defendant Beckman prays that this Court:

(a) Adjudge and decree that all of SFA's claims are denied;

(b) Adjudge and decree that SFA's complaint be dismissed with prejudice;

(c) Adjudge and decree that Beckman has not infringed U.S. Patent No. 6,067,525;

(d) Adjudge and decree that U.S. Patent No. 6,067,525 is invalid;

(e) Award Beckman its costs in this action, declare that this is an exceptional case under 35 U.S.C. § 285, and award Beckman its reasonable attorneys' fees; and

(f) Award Beckman such further necessary and proper relief as this Court may deem just and reasonable.

Dated: September 9, 2010                    Respectfully submitted,

 */s/ Kevin G. McBride*
Kevin G. McBride
Lead Attorney
*Pro Hac Pending*
Email: kgmcbride@jonesday.com
Steven J. Corr
*Pro Hac Pending*
Email: sjcorr@jonesday.com
JONES DAY
555 South Flower Street
Los Angeles, CA 90071
Telephone: (213) 489-3939
Facsimile: (213) 243-2539

Keith B. Davis
Texas State Bar No. 24037895
Email: kbdavis@jonesday.com
JONES DAY
2727 North Harwood Street
Dallas, TX  75201-1515
Telephone:  (214) 220-3939
Facsimile:  (214) 969-5100

Of Counsel
Charles C. Wong
California State Bar No. 209925
Email: ccwong@beckman.com
BECKMAN COULTER, INC.
250 S. Kraemer Boulevard
M/S E1.SE.02
Brea, CA  92821
Telephone:  (714) 961-6335
Facsimile:  (714) 459-1963

Attorneys for Defendant
Beckman Coulter, Inc.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed via CM/ECF on September 9, 2010, and was served upon the all counsel of record via CM/ECF.

                 */s/ Keith B. Davis*

LAI-3107126v3