**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| SFA SYSTEMS, LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 6:10-cv-300-LED |
| | § | |
| 1. BIGMACHINES, INC.; | § | |
| 2. BECKMAN COULTER, INC.; | § | JURY DEMANDED |
| 3. ENTERASYS NETWORKS, INC.; | § | |
| 4. RICOH AMERICAS CORPORATION; | § | |
| 5. HYUNDAI MOTOR AMERICA, INC.; and | § | |
| 6. CARESTREAM HEALTH, INC., | § | |
| | § | |
| *Defendants.* | § | |

**DEFENDANT RICOH AMERICAS CORPORATION'S AMENDED ANSWER,
AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS IN RESPONSE TO
PLAINTIFF SFA SYSTEMS, LLC'S COMPLAINT**

Defendant Ricoh Americas Corporation ("Ricoh") answers Plaintiff SFA Systems, LLC's ("SFA") Complaint ("Complaint") as follows. SFA's opening paragraph does not itself appear to contain any allegations requiring a response. Ricoh admits that SFA's pleading purports to be a complaint for patent infringement, but denies Ricoh has infringed any valid and enforceable patent claim or that SFA is entitled to any relief. Ricoh's specific responses to the numbered allegations if the SFA Complaint are set forth below.

**PARTIES**

1.      Ricoh is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint, and therefore denies them.

2.      The allegations of Paragraph 2 of the Complaint are not directed to Ricoh, and therefore no answer is required. Ricoh is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2, and therefore denies them.

3.      The allegations of Paragraph 3 of the Complaint are not directed to Ricoh, and therefore no answer is required. Ricoh is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3, and therefore denies them.

4.      The allegations of Paragraph 4 of the Complaint are not directed to Ricoh, and therefore no answer is required. Ricoh is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4, and therefore denies them.

5.      Ricoh admits that it is a Delaware corporation with its principal place of business at 5 Dedrick Place, West Coldwell, New Jersey 77006. Ricoh admits that it may be served with process by serving its registered agent, CT Corporation System, at 350 North St. Paul Street, Dallas, Texas 75201.

6.      The allegations of Paragraph 6 of the Complaint are not directed to Ricoh, and therefore no answer is required. Ricoh is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6, and therefore denies them.

7.       The allegations of Paragraph 7 of the Complaint are not directed to Ricoh, and therefore no answer is required. Ricoh is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7, and therefore denies them.

## JURISDICTION AND VENUE

8.      These allegations set forth legal conclusions to which no response is required. Ricoh admits that SFA's Complaint purports to allege patent infringement under the patent laws of the Untied States, Title 35 of the United States Code.  Ricoh admits that this Court has subject

matter jurisdiction over patent law claims.  Ricoh denies any remaining allegations in Paragraph 8, and specifically denies any wrongdoing or infringement.

9.      Ricoh admits that this Court has personal jurisdiction over it in this particular action, and that it has conducted business in the State of Texas. Ricoh admits that its products have been sold in the United States, the State of Texas, and the Eastern District of Texas. To the extent the remaining allegations of Paragraph 9 of the Complaint are directed at Ricoh, they are denied. To the extent the allegations of Paragraph 9 are directed to other entities, Ricoh lacks sufficient information to admit or deny said allegations of Paragraph 9, and therefore denies them.

10.     Ricoh admits for purposes of this case only that venue exists in this judicial district under 28 U.S.C. §§ 1391(c) and/or 1400(b), but denies that the Eastern District of Texas is the most convenient venue for adjudication of the claims raised by SFA in this action.  Ricoh denies that it has committed, contributed to, and/or induced any acts of infringement in this District or elsewhere.  To the extent the remaining allegations of Paragraph 10 of the Complaint are directed at Ricoh, they are denied. To the extent the allegations of Paragraph 10 are directed to other entities, Ricoh lacks sufficient information to admit or deny said allegations of Paragraph 10, and therefore denies them.

## ALLEGATIONS

11.     Ricoh is without knowledge or information sufficient to form a belief as to whether SFA is the assignee of rights to United States Patent No. 6,067,525  ("the '525 Patent"), or the date of issuance of the '525 Patent, and therefore denies the allegations of Paragraph 11 of the Complaint.

12.     Ricoh admits that Judge Davis construed some of the claims of the '525 Patent in the opinion attached as Exhibit B to the SFA Complaint, in a prior litigation with different parties and different facts.   Ricoh denies any remaining allegation in Paragraph 12 of the Complaint.

13.     Ricoh is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Complaint, and therefore denies them.

14.     Ricoh is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Complaint, and therefore denies them.

15.     Ricoh is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Complaint, and therefore denies them.

16.     Ricoh denies the allegations of Paragraph 16 of the Complaint.

17.     Ricoh is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 of the Complaint, and therefore denies them.

18.     Ricoh is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 of the Complaint, and therefore denies them.

19.     Ricoh denies the allegations set forth in Paragraph 19 of the Complaint.

20.     Ricoh denies the allegations set forth in Paragraph 20 of the Complaint.

21.     Ricoh denies the allegations set forth in Paragraph 21 of the Complaint.

22.     Ricoh denies the allegations set forth in Paragraph 22 of the Complaint.

## PRAYER FOR RELIEF

These paragraphs set forth the statement of relief requested by SFA to which no response is required. Ricoh denies that SFA is entitled to any of the requested relief, or any other relief, and denies all allegations contained in SFA's Prayer for Relief.

## DEMAND FOR JURY TRIAL

This paragraph set forth SFA's request for a trial by jury of any and all issue triable of right before a jury to which no response is required.

## GENERAL DENIAL

To the extent that any allegations of the Complaint are not specifically admitted, Ricoh hereby denies them.

## AFFIRMATIVE DEFENSES

Subject to the responses above, Ricoh alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the affirmative defenses described below, subject to their responses above, Ricoh specifically reserves all rights to allege additional affirmative defenses that become known through the course of discovery.

1.      Ricoh does not infringe and has not infringed, either directly or indirectly, literally or under the doctrine of equivalents, any claim of the '525 Patent.

2.      One or more of the claims of the '525 Patent are invalid, void and unenforceable for failure to satisfy one or more of the requirements of Sections 35 U.S.C. 101 et seq., including but not limited to 35 U.S.C. §§101, 102, 103, 111, 112, 116, 132 and/or 251.

3.      Any claims for damages for patent infringement by SFA are limited, at a minimum, by 35 U.S.C. § 287 to those damages occurring only after the notice of infringement.

4.      SFA's recovery for alleged infringement of the '525 patent, if any, is limited to any alleged infringement committed no more than six years prior to the filing of its claims, pursuant to 35 U.S.C. § 286.

5.      One or more of the claims of the '525 Patent are unenforceable as asserted, in whole or in part, by doctrines of waiver (express or implied), laches, acquiescence, and/or estoppel.

6.      The claims of the '525 Patent are unenforceable as asserted, in whole or in part, by the doctrine of equitable estoppel.

7.      SFA is not entitled to injunctive relief because any alleged injury to SFA is not immediate or irreparable, and SFA has an adequate remedy at law.

8.      SFA's infringement claims against Ricoh are precluded under the doctrines of express license, patent exhaustion, implied license, release, and/or payment pursuant to at least the October 4, 2006 settlement agreement between Triton IP, LLC (SFA's predecessor) and Microsoft Corporation, the February 22, 2008 settlement agreement between Plutus IP LLC, Triton IP, LLC (SFA's predecessor), et al. and Salesforce.com, Inc., and the September 7, 2006 settlement agreement between Triton IP, LLC (SFA's predecessor), et al. and Oracle Corporation.

9.      Ricoh reserves the right to amend its Answer to add additional Affirmative Defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law and equity (including but not limited to instances of inequitable conduct, unclean hands, patent misuse, and/or express or implied license) as they become known throughout the course of discovery in this case.  Assertion of a defense is not a concession that Ricoh has the burden of proving the matter asserted.

## COUNTERCLAIMS

Ricoh, for its Counterclaims against SFA and upon information and belief, states as follows:

## PARTIES

1.      Defendant Ricoh Americas Corporation ("Ricoh") is a Delaware corporation organized and existing under the laws of the State of Delaware with its principal place of business at 5 Dedrick Place, West Coldwell, New Jersey 77006.

2.      On information and belief, Plaintiff SFA Systems, LLC ("SFA") is a Limited Liability Company existing under the laws of the State of Texas with its principal place of business at 207 C North Washington Avenue, Marshall, Texas 75670.

## JURISDICTION AND VENUE

3.      Subject to Ricoh's affirmative defenses and denials, Ricoh alleges that this Court has jurisdiction over the subject matter of these Counterclaims under, without limitation, 28 U.S.C. §§ 1331, 1367, 1338(a), 2201 and 2202.

4.      By filing its Complaint, Plaintiff/Counterdefendant SFA has consented to personal jurisdiction of this Court.

5.      Ricoh maintains its right to seek a transfer of venue on forum non conveniens grounds or pursuant to 28 U.S.C. § 1404.  In the event of such transfer, Ricoh consents to the transfer of its counterclaims set forth herein to the transferee forum.  To the extent that this action remains in this District, venue is appropriate because SFA has consented to the propriety of venue in this Court by filing its claim for patent infringement in this Court, in response to which these counterclaims are asserted.

## FACTUAL BACKGROUND

6.      In its Amended Complaint, SFA asserts that Ricoh has infringed U.S. Patent No. 6,067,525 ( "the '525 Patent").

7.     The '525 Patent is invalid and/or has not been and is not infringed by Ricoh, directly or indirectly.

8.     Consequently, there is an actual case or controversy between the parties over the non-infringement, invalidity, and/or unenforceability of the '525 Patent.

## COUNT ONE

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 6,067,525

9.     Ricoh restates and realleges Paragraphs 1 through 7 above as if set forth fully herein.

10.     An actual case or controversy exists between Ricoh and SFA as to whether the '525 Patent is not infringed by Ricoh.

11.     A judicial declaration is necessary and appropriate so that Ricoh may ascertain its rights regarding the '525 Patent.

12.     By this Counterclaim, Ricoh seeks a declaration that it has not infringed and does not infringe, directly or indirectly, willfully or otherwise, any valid and enforceable claim of the '525 Patent, either literally or under the doctrine of equivalents.   Further, Ricoh seeks a declaration that it has not contributed to or induced and does not contribute to or induce infringement of the '525 patent by anyone.

## COUNT TWO

### Declaratory Judgment of Invalidity of U.S. Patent No. 6,067,525

13.     Ricoh restates and realleges Paragraphs 1 through 12 above as if set forth fully herein.

14.     An actual case or controversy exists between Ricoh and SFA as to whether the '525 Patent is invalid.

15.     A judicial declaration is necessary and appropriate so that Ricoh may ascertain its rights as to whether the '525 Patent is invalid.

16.     By this counterclaim, Ricoh seeks a declaration that the '525 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 et seq., including without limitation §§ 101, 102, 103, 111, 112, 116, 132 and/or 251.

17.     This is an exceptional case under 35 U.S.C. § 285 including without limitation because SFA filed its Complaint with knowledge of the facts stated in this Counterclaim.

## EXCEPTIONAL CASE

18.     This is an exceptional case against SFA under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Ricoh prays for judgment as follows:

a.     A judgment that SFA's Complaint be dismissed against Ricoh with prejudice, and that SFA recover nothing thereon;

b.     A judgment denying any request by SFA for injunctive relief against Ricoh;

b.     A judgment in favor of Ricoh on all of its Counterclaims;

c.     A declaration that Ricoh has not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, any valid claims of the '525 Patent;

d.     A declaration that the '525 Patent is invalid;

e.      A declaration that the '525 Patent is unenforceable;

f.      An injunction against SFA and its affiliates, subsidiaries, assigns, employees, agents or anyone acting in privity or concert with SFA from charging infringement or instituting any legal action for infringement of the '525 Patent against Defendants or anyone acting in privity with Defendants;

g.      An award to Ricoh for the amount of damages as proven at trial;

h.      A declaration that this case is exceptional and an award to Ricoh of its reasonable costs and expenses of litigation, including attorneys' fees and expert witness fees;

i.      A judgment limiting or barring SFA's ability to enforce the '525 Patent in equity; and

j.      Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure and Local Rule CV-38, Ricoh respectfully demands a jury trial of all issues triable to a jury in this action.

Dated: December 14, 2010                    Respectfully submitted,

FISH & RICHARDSON P.C.

By: */s/ Neil J. McNabnay*
        Neil J. McNabnay
        Texas Bar No. 24002583
        njm@fr.com
        Britnee M. Reamy
        Texas Bar No. 24053439
        bmr@fr.com
        1717 Main Street, Suite 5000
        Dallas, Texas 75201
        (214) 747-5070 - Telephone
        (214) 747-2091 – Facsimile

        Ajit S. Dang
        Georgia Bar No. 352611
        dang@fr.com
        1180 Peachtree St. NE, 21st Fl.
        Atlanta, GA 30309
        (404) 892-5005 - Telephone
        (404) 892-5002 - Facsimile

**Counsel for Defendant**
**RICOH AMERICAS CORPORATION**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on December 14, 2010, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Neil J. McNabnay*
            Neil J. McNabnay