**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| **SFA SYSTEMS, LLC,** | |
|     **Plaintiff,** | |
| **v.** | **6:10-CV-00300-LED** |
| **BIGMACHINES, INC., et al.,** | |
|     **Defendants.** | |

**CARESTREAM'S AMENDED ANSWER AND COUNTERCLAIMS**
**TO SFA'S COMPLAINT AND DEMAND FOR JURY TRIAL**

Defendant Carestream Health, Inc. ("Carestream") files this Amended Answer and Counterclaims to Plaintiff SFA Systems, LLC's ("SFA") Complaint and Demand For Jury Trial (the "Complaint"). Carestream denies the allegations and characterizations in the Complaint unless expressly admitted in the following paragraphs:

1.     Carestream lacks knowledge sufficient to confirm or deny the allegations of Paragraph 1 and therefore denies the same.

2.     Paragraph 2 does not require a response by Carestream. To the extent that Paragraph 2 is deemed to require a response, Carestream lacks knowledge sufficient to confirm or deny the allegations of Paragraph 2 and therefore denies the same.

3.     Paragraph 3 does not require a response by Carestream. To the extent that Paragraph 3 is deemed to require a response, Carestream lacks knowledge sufficient to confirm or deny the allegations of Paragraph 3 and therefore denies the same.

4.     Paragraph 4 does not require a response by Carestream. To the extent that Paragraph 4 is deemed to require a response, Carestream lacks knowledge sufficient to confirm or deny the allegations of Paragraph 4 and therefore denies the same.

5.      Paragraph 5 does not require a response by Carestream.  To the extent that Paragraph 5 is deemed to require a response, Carestream lacks knowledge sufficient to confirm or deny the allegations of Paragraph 5 and therefore denies the same.

6.      Paragraph 6 does not require a response by Carestream.  To the extent that Paragraph 6 is deemed to require a response, Carestream lacks knowledge sufficient to confirm or deny the allegations of Paragraph 6 and therefore denies the same.

7.      Carestream admits it is a Delaware corporation, with its corporate headquarters and principal place of business at 150 Verona Street, Rochester, New York 14608.  Carestream admits it has appointed Corporation Service Company, d/b/a CSC—Layers' Incorporating Service Company, located at 211 East Seventh Street, Suite 620, Austin, Texas 78701, as its agent for service of process.

8.      Carestream admits that this action arises under the patent laws of the United States, Title 35 of the United States Code.  Carestream admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Except as expressly admitted herein, Carestream denies each and every allegation of Paragraph 8.

9.      Without further specificity as to the alleged infringement, Carestream lacks knowledge sufficient to confirm or deny whether it is subject to personal jurisdiction and therefore denies same.  Carestream denies that it has committed the infringements alleged in the Complaint in Texas or in this judicial district under any theory.  To the extent that Paragraph 9 is deemed to require a response with respect to the other Defendants, Carestream lacks knowledge sufficient to confirm or deny the allegations and therefore denies the same.  Except as expressly admitted herein, Carestream denies each and every allegation of Paragraph 9.

10.     Without further specificity as to the alleged infringement, Carestream lacks knowledge sufficient to confirm or deny whether venue is proper in this district and therefore denies same.  To the extent that Paragraph 10 is deemed to require a response with respect to the other Defendants, Carestream lacks knowledge sufficient to confirm or deny the allegations and therefore denies the same.  Except as expressly admitted herein, Carestream denies each and every allegation of Paragraph 10.

11.     Carestream lacks knowledge sufficient to confirm or deny that SFA is the owner by assignment of U.S. Patent No. 6,067,525 (the "'525 Patent").  Carestream admits that the face of the '525 Patent indicates that it is entitled "Integrated Computerized Sales Force Automation System."  Carestream admits that the face of the '525 Patent indicates it issued on May 23, 2000.  Carestream admits that a purported copy of the '525 Patent is attached to the Complaint as Exhibit A, but Carestream lacks knowledge sufficient to confirm or deny it is a true and correct copy.  Except as expressly admitted herein, Carestream denies each and every allegation of Paragraph 11.

12.     Carestream admits that the face of Exhibit B to the Complaint indicates that it is an order by the Honorable Leonard Davis that construes claims in the '525 Patent ("Order").  Carestream lacks sufficient knowledge to confirm or deny that Exhibit B is a true and correct copy of the Order.  Except as expressly admitted herein, Carestream denies each and every allegation of Paragraph 12.

13.     Paragraph 13 does not require a response by Carestream.  To the extent that Paragraph 13 is deemed to require a response, Carestream lacks knowledge sufficient to confirm or deny the allegations of Paragraph 13 and therefore denies the same.

14.     Paragraph 14 does not require a response by Carestream.   To the extent that Paragraph 14 is deemed to require a response, Carestream lacks knowledge sufficient to confirm or deny the allegations of Paragraph 14 and therefore denies the same.

15.     Paragraph 15 does not require a response by Carestream.   To the extent that Paragraph 15 is deemed to require a response, Carestream lacks knowledge sufficient to confirm or deny the allegations of Paragraph 15 and therefore denies the same.

16.     Paragraph 16 does not require a response by Carestream.   To the extent that Paragraph 16 is deemed to require a response, Carestream lacks knowledge sufficient to confirm or deny the allegations of Paragraph 16 and therefore denies the same.

17.     Paragraph 17 does not require a response by Carestream.   To the extent that Paragraph 17 is deemed to require a response, Carestream lacks knowledge sufficient to confirm or deny the allegations of Paragraph 17 and therefore denies the same.

18.     Carestream denies the allegations in Paragraph 18.

19.     Paragraph 19 does not require a response by Carestream.   To the extent that Paragraph 19 is deemed to require a response, Carestream denies the allegations of Paragraph 19.

20.     Carestream denies the allegations of Paragraph 20.

21.     Carestream denies the allegations of Paragraph 21.

22.     Carestream denies the allegations of Paragraph 22.

23.     Carestream requests that the Court deny all relief to SFA, including that requested by SFA in its Prayer for Relief.

24.     SFA's request for a jury trial does not require a response by Carestream.

## AFFIRMATIVE DEFENSES

Carestream's Affirmative Defenses are listed below.  Carestream reserves the right to amend its Amended Answer to add additional Affirmative Defenses, including instances of inequitable conduct, consistent with the facts discovered in the case.

## FIRST DEFENSE

25.     Carestream does not infringe and has not infringed any claim of the '525 Patent under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)).

## SECOND DEFENSE

26.     The '525 Patent is invalid because the alleged invention fails to satisfy the conditions for patentability specified in 35 U.S.C. § 100 *et seq.*, including §§ 101, 102, 103, and 112.

## THIRD DEFENSE

27.     To the extent that SFA, its alleged predecessors in interest to the '525 Patent, and their respective licensees, failed to properly mark any of their relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice that Carestream's actions allegedly infringed the '525 Patent, Carestream is not liable to SFA for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the '525 Patent.

## FOURTH DEFENSE

28.     To the extent that SFA asserts that Carestream indirectly infringes, either by contributory infringement or inducement of infringement, Carestream is not liable to SFA for the acts alleged to have been performed before Carestream knew that its actions would cause indirect infringement.

## FIFTH DEFENSE

29.     SFA's attempted enforcement of the '525 Patent against Carestream is barred by laches and estoppel.

## SIXTH DEFENSE

30.     SFA's infringement claims against Carestream are precluded under the doctrines of express license, patent exhaustion, implied license, release, and/or payment pursuant to at least the October 4, 2006 settlement agreement between Microsoft Corporation and Triton IP LLC (SFA's predecessor), the February 22, 2008 settlement agreement between Plutus IP, LLC, Triton IP, LLC (SFA's predecessor), *et al.* and Salesforce.com, Inc., and the September 18, 2006 settlement agreement between Triton IP, LLC (SFA's predecessor) and SAP AG and SAP America, Inc.

## COUNTERCLAIMS

By asserting these counterclaims, Carestream does not waive its objections to jurisdiction and venue.

## The Parties

31.     Counterclaim Plaintiff Carestream Health, Inc. is a Delaware corporation, with its principal place of business in New York.

32.     On information and belief based solely on Paragraph 1 of the Complaint as pled by SFA, SFA is a Texas limited liability company, with its principal place of business located in Marshall, Texas.

## Jurisdiction

33.     This counterclaim arises under the patent laws of the United States, Title 35, United States Code.  The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq.* and 28 U.S.C. §§ 1331, 1338, 1367, and 2201-02.

34.     Venue is proper in this district pursuant to at least 28 U.S.C. §§ 1391 and 1400. Venue is further proper in the Tyler Division.

## Count I

## Declaratory Relief Regarding Non-infringement

35.     Based on SFA's filing of this action and Carestream's First, Third, Fourth, and Fifth Defenses, an actual controversy has arisen and now exists between the parties as to whether Carestream infringes the '525 Patent.

36.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, Carestream requests a declaration by the Court that it does not infringe any claim of the '525 Patent under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)).

## Count II

## Declaratory Relief Regarding Invalidity

37.     Based on SFA's filing of this action and Carestream's Second Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '525 Patent.

38.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq*., and 35 U.S.C. § 100 *et seq*., Carestream requests a declaration by the Court that the claims of the '525 Patent are invalid.

## PRAYER

Carestream respectfully requests a judgment against SFA as follows:

A.      A declaration that the asserted claims of the '525 Patent are invalid;

B.      A declaration that Carestream does not infringe, under any theory, any valid claim of the '525 Patent that may be enforceable;

C.      A declaration that SFA take nothing by its Complaint;

D.      Judgment against SFA and in favor of Carestream;

E.      Dismissal of the Complaint with prejudice;

F.      An award to Carestream of its costs and attorneys' fees incurred in this action; and

G.      Further relief as the Court may deem just and proper.

## JURY DEMAND

Carestream hereby demands trial by jury on all issues.

Dated: December 22, 2010                Respectfully submitted,

                                         FISH & RICHARDSON P.C.


                                  By:   /s/ Neil J. McNabnay
                                         Neil J. McNabnay
                                         Texas Bar No. 24002583
                                         njm@fr.com
                                         Britnee M. Reamy
                                         Texas Bar No. 24053439
                                         bmr@fr.com
                                         1717 Main Street, Suite 5000
                                         Dallas, Texas 75201
                                         (214) 747-5070 - Telephone
                                         (214) 747-2091 – Facsimile

                                         Ajit S. Dang
                                         dang@fr.com
                                         Georgia Bar No. 352611
                                         1180 Peachtree Street NE, 21st Fl.
                                         Atlanta, Georgia 30309
                                         (404) 892-5005 - Telephone
                                         (404) 892-5002 - Facsimile

                                  **Counsel for Defendant
                                  CARESTREAM HEALTH, INC.**


                          **CERTIFICATE OF SERVICE**

        The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on December 22, 2010, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

                                         /s/ Neil J. McNabnay
                                         Neil J. McNabnay