# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| **SFA SYSTEMS, LLC,** § | |
| § | Civil Action No. 6:10-cv-00300-LED |
| Plaintiff, § | |
| v. § | **JURY DEMANDED** |
| § | |
| **BIGMACHINES, INC., et al.** § | |
| § | |
| Defendants. § | |

## PLAINTIFF SFA SYSTEMS, LLC'S AMENDED COMPLAINT

Plaintiff SFA Systems, LLC ("SFA") files this Amended Complaint against BigMachines, Inc., Enterasys Networks, Inc., Ricoh Americas Corporation, Hyundai Motor America, and CareStream Health, Inc. (collectively the "Defendants"), and alleges as follows.

## PARTIES

1. SFA is a Texas Limited Liability Company with its principal place of business at 207 C North Washington Avenue, Marshall, Texas 75670.

2. On information and belief, Defendant BigMachines, Inc. ("BigMachines") is a Delaware corporation with its corporate headquarters and principal place of business at 570 Lake Cook Road, Suite 126, Deerfield, IL 94403. BigMachines has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808 as its agent for service of process.

3. On information and belief, Defendant Enterasys Networks, Inc. ("Enterasys") is a Delaware corporation with its corporate headquarters and principal place of business at 50 Minuteman Road, Andover, MA 01810. Enterasys has appointed C T Corporation System, 350 North Saint Paul Street, Suite 2900, Dallas, Texas 75201 as its agent for service of process.

4. On information and belief, Defendant Ricoh Americas Corporation ("Ricoh") is a Delaware corporation with its corporate headquarters and principal place of business at 5 Dedrick Place, West Coldwell, New Jersey 07006. Ricoh has appointed C T Corporation System, 350 North Saint Paul Street, Suite 2900, Dallas, Texas 75201 as its agent for service of process.

5. On information and belief, Defendant Hyundai Motor America, Inc. ("Hyundai") is a California corporation with its principal place of business at 10550 Talbert Avenue, Fountain Valley, California. Hyundai has appointed National Registered Agents, Inc., 300 South Phillips Avenue, Suite 300, Sioux Falls, South Dakota 57104 as its agent for service of process.

6. On information and belief, Defendant CareStream Health, Inc. ("CareStream") is a Delaware corporation with its corporate headquarters and principal place of business at 150 Verona Street, Rochester, New York 14608. CareStream has appointed Corporation Service Company, d/b/a CSC – Lawyers' Incorporating Service Company, 211 East Seventh Street, Suite 620, Austin, Texas 78701 as its agent for service of process.

## JURISDICTION AND VENUE

7. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

9. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, each Defendant has a regular and established place of business in this district, has transacted business in this district and has committed and/or induced acts of patent infringement in this district.

### INFRINGEMENT OF U.S. PATENT NO. 6,067,525

10. SFA is the owner by assignment of United States Patent No. 6,067,525 ("the '525 patent") entitled "Integrated Computerized Sales Force Automation System," a true copy of which is attached as Exhibit A. The '525 patent was issued on May 23, 2000.

11. The claims of the '525 patent were construed by order of Honorable Leonard Davis of the Eastern District of Texas, Tyler Division on February 23, 2009 a true and correct copy of which is attached as Exhibit B.

12. Defendant BigMachines has been and now is directly infringing the `525 patent by making, using, selling and offering to sell in this judicial district and elsewhere in the United States computer implemented sales systems and methods for facilitating processes relating to the sale of products and services, including its sales configurator, B2B eCommerce, pricing and quoting and proposal generator software-as-a-service solutions such as its "Light Front End" and "BigMachines" web-based solutions and its "eCommerce engine," covered by one or more claims of the `525 patent. BigMachines has indirectly infringed the `525 patent by inducing its licensed customers and third party users of its software-as-a-service solutions to use and practice the computer implemented sales systems and methods covered by the claims of the `525 patent. Further details regarding BigMachines' infringement of the `525 patent are set forth in SFA's infringement contentions served in this case, which are incorporated by reference pursuant to

Rule 10 of the Federal Rules of Civil Procedure. Defendant BigMachines is thus liable for infringement of the '525 Patent pursuant to 35 U.S.C. § 271.

13. Defendant Enterasys has been and now is directly infringing the `525 patent by using in this judicial district and elsewhere in the United States computer implemented sales systems and methods for facilitating processes relating to the sale of products and services, including its sales quoting and configuration system and system for automated contract renewals. Enterasys has indirectly infringed the `525 patent by inducing its resellers and licensed third party users of its computer implemented sales quoting and configuration system and contract renewal system to use and practice the computer implemented sales systems and methods covered by the claims of the `525 patent. Further details regarding Enterasys' infringement of the `525 patent are set forth in SFA's infringement contentions served in this case, which are incorporated by reference pursuant to Rule 10 of the Federal Rules of Civil Procedure. Defendant Enterasys is thus liable for infringement of the '525 Patent pursuant to 35 U.S.C. § 271.

14. Defendant Ricoh has been and now is directly infringing the `525 patent by using in this judicial district and elsewhere in the United States computer implemented sales systems and methods for facilitating processes relating to the sale of products and services, including its sales configuration, pricing and proposal system. Further details regarding Ricoh's infringement of the `525 patent are set forth in SFA's infringement contentions served in this case, which are incorporated by reference pursuant to Rule 10 of the Federal Rules of Civil Procedure. Defendant Ricoh is thus liable for infringement of the '525 Patent pursuant to 35 U.S.C. § 271.

15. Defendant Hyundai has been and now is directly infringing the `525 patent by using in this judicial district and elsewhere in the United States computer implemented sales

systems and methods for facilitating processes relating to the sale of products and services, including the "build your own vehicle" method practiced on various websites (including, but not limited to, hyundaiusa.com), its customer management systems, including its systems which capture and report actionable customer intelligence in areas including product design and the dealership experience. Hyundai has indirectly infringed the `525 patent by inducing its customers and authorized dealers to use and practice the computer implemented sales systems and methods covered by the claims of the `525 patent. Further details regarding Hyundai's infringement of the `525 patent are set forth in SFA's infringement contentions served in this case, which are incorporated by reference pursuant to Rule 10 of the Federal Rules of Civil Procedure. Defendant Hyundai is thus liable for infringement of the '525 Patent pursuant to 35 U.S.C. § 271.

16. Defendant CareStream has been and now is directly infringing the `525 patent by using in this judicial district and elsewhere in the United States computer implemented sales systems and methods for facilitating processes relating to the sale of products and services, including its sales configuration, pricing and proposal system. Further details regarding Carestream's infringement of the `525 patent are set forth in SFA's infringement contentions served in this case, which are incorporated by reference pursuant to Rule 10 of the Federal Rules of Civil Procedure. Defendant Carestream is thus liable for infringement of the '525 Patent pursuant to 35 U.S.C. § 271.

17. To the extent that facts learned in discovery show that Defendants' infringement of the '525 patent is or has been willful, Plaintiff reserves the right to request such a finding at time of trial.

18. As a result of the above Defendants' infringement of the '525 patent, SFA has suffered monetary damages that are compensable under 35 U.S.C. § 284 in an amount not yet determined, and will continue to suffer such monetary damages in the future unless Defendants' infringing activities are permanently enjoined by this Court.

19. This case presents exceptional circumstances within the meaning of 35 U.S.C. § 285 and SFA is thus entitled to an award of its reasonable attorneys' fees.

20. The limitation of damages provision of 35 U.S.C. § 287(a) is not applicable to SFA claims in this action.

## DEMAND FOR JURY TRIAL

21. SFA demands trial by jury on all claims and issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for entry of judgment that:

1. Defendants have infringed the patents-in-suit;

2. Defendants account for and pay to SFA all damages caused by their respective infringements of the patents-in-suit; and

3. SFA be granted pre-judgment and post-judgment interest on the damages caused to it by reason of one or more of Defendants' patent infringement;

4. The Court declare this an exceptional case and that SFA be granted their reasonable attorneys' fees in accordance with 35 U.S.C. § 285;

5. Costs be awarded to SFA; and

6. SFA be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated: March 3, 2011          Respectfully submitted,

                                        **BUETHER JOE & CARPENTER, LLC**

By:    */s/ Eric W. Buether*
        Eric W. Buether
        State Bar No. 03316880
        eric.buether@bjciplaw.com
        Christopher M. Joe
        State Bar No. 00787770
        chris.joe@bjciplaw.com
        Brian A. Carpenter
        State Bar No. 03840600
        Brian.Carpenter@BJCIPLaw.com

        1700 Pacific Avenue
        Suite 2390
        Dallas, Texas 75201
        Telephone: (214) 466-1271
        Facsimile: (214) 635-1827

        Andrew Wesley Spangler
        State Bar No. 24041960
        SPANGLER LAW PC
        104 N. Houston St., Suite 135
        Marshall, Texas 75670
        903-935-3443
        Fax 903-938-7843
        spangler@spanglerlawpc.com

        David M. Pridham
        RI State Bar No. 6625
        LAW OFFICE OF DAVID PRIDHAM
        25 Linden Road
        Barrington, Rhode Island 02806
        401-633-7247
        Fax 401-633-7247
        david@pridhamiplaw.com

        **ATTORNEYS FOR PLAINTIFF**
        **SFA SYSTEMS, LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a) on this 3rd day of March, 2011. Any other counsel of record will be served by facsimile transmission and first class mail.

*/s/ Eric W. Buether*
Eric W. Buether