IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| SFA SYSTEMS, LLC, § § *Plaintiff*, § § v. § § 1-800-FLOWERS.COM, INC., et al, § § *Defendants.* § | | CASE NO. 6:09-cv-340 PATENT CASE |
| SFA SYSTEMS, LLC, § § *Plaintiff*, § § v. § § BIGMACHINES, INC., et al, § § *Defendants.* § | | CASE NO. 6:10-cv-300 PATENT CASE |

**DEFENDANTS' MOTION TO STRIKE
UNDISCLOSED EXTRINSIC EVIDENCE FROM SFA'S P.R. 4-5(c) BRIEF**

In direct contravention of this Court's local patent rules, Plaintiff SFA Systems, LLC ("SFA") furtively cites for the first time in its P.R. 4-5(c) reply brief **twelve new, previously undisclosed** items of extrinsic evidence in support of its proposed construction for the claim term "event manager." (*See* Pl.'s P.R. 4-5(c) Br. at exs. E, F-P, Dkt. No. 271.)[1]

Although P.R. 4-2(b) requires parties to identify the extrinsic evidence upon which they intend to rely, SFA failed to disclose this extrinsic evidence in its P.R. 4-2 disclosure due January 21, 2011. (Defs.' P.R. 4-5(b) Br. at ex. K, Dkt. No. 260.) And although P.R. 4-3(b)

---

[1] All cites to Docket entries herein reference Civil Action No. 6:09-CV-340.

requires parties to identify "any extrinsic evidence" they intend to use either to support their own constructions or to oppose another party's constructions, SFA again failed to disclose this extrinsic evidence in the P.R. 4-3 joint claim construction statement due February 8, 2011. (Dkt. No. 247.) Further, SFA failed to disclose this extrinsic evidence in its expert declaration due February 18, 2011. (*See* Pl.'s P.R. 4-5(a) Br. at ex. I, Dkt. No. 256.) Rather than comply with any of the Court's local rules requiring an orderly disclosure of evidence so that the other side can fairly review and address the evidence, SFA chose to unload the new evidence on the Court and the Defendants roughly one week prior to the Markman hearing so that neither Defendants nor their expert, Dr. Greenspun, are afforded a fair opportunity to respond. Under the local rules and the Court's docket control order, SFA should have disclosed its evidence **sixty-four** days earlier, in its P.R. 4-2 disclosures. Unlike SFA, Defendants diligently complied with their own disclosure requirements and would suffer prejudice if SFA's sandbagging tactic were allowed to succeed.

Most troubling, moreover, is that rather than a simultaneous exchange of expert declarations, Defendants **voluntarily agreed** to provide Dr. Grenspun's declaration **first**, thus (1) affording SFA's expert, Mr. Myers, the opportunity to prepare a tailored rebuttal declaration and (2) affording SFA a preview of the blueprints to Defendants' arguments so that SFA could preempt Defendants' arguments in its P.R. 4-5(a) opening brief, and if need be, request permission from the Court to supplement its P.R. 4-2 and 4-3 extrinsic evidence disclosures. Indeed, Defendants even agreed to a **unilateral extension of time** for SFA to serve its expert declaration. Yet even with explicit notice of its evidentiary deficiencies per Dr. Greenspun's expert declaration, SFA still chose to spring these twelve pieces of extrinsic evidence on the Defendants roughly one week before the Markman hearing.

2

As a result, Dr. Greenspun was not provided any opportunity to review and provide expert opinion on this new evidence, like the detailed and unrebutted analyses Dr. Greenspun provided regarding the four pieces of extrinsic evidence SFA actually did disclose in its P.R. 4-2 statement. For that evidence **of record**, Dr. Greenspun indisputably establishes that none of it proves that the term "event manager" was a term of art **connotative of sufficiently definite structure**, and that even if it was, nowhere is it established that such structure is **sufficient to perform the functions recited**, *i.e.*, the alternative Federal Circuit test that SFA and its expert choose to wholesale ignore. (*See* Defs.' P.R. 4-5(b) Br. at ex. A, ¶¶ 52-62, Dkt. No. 260.) Defendants and Dr. Greenspun, however, are without recourse to address SFA's **new** evidence with less than a week before the Markman hearing.

In summary, the Court's local patent rules make clear that **both** sides must litigate fairly, disclose evidence timely, and maintain integrity before the Court. Defendants therefore respectfully request that the Court strike all new, previously undisclosed extrinsic evidence and any references to it from SFA's P.R. 4-5(c) reply brief.

Dated: March 30, 2011                                  Respectfully Submitted,

| FISH & RICHARDSON P.C. | POTTER MINTON, P.C. |
|---|---|
| /s/ Neil J. McNabnay | /s/ Douglas R. McSwane |

Neil J. McNabnay  
njm@fr.com  
1717 Main Street, Suite 5000  
Dallas, TX 75201  
Tel:  214-747-5070  
Fax:  214-747-2091  

Ajit S. Dang  
Ga. Bar. No. 352611  
dang@fr.com  
1180 Peachtree Street NE, 21st Floor  
Atlanta, GA 30309  
Tel:  404-892-5005  
Fax:  404-892-5002  

**ATTORNEYS FOR DEFENDANTS BARNES AND NOBLE, INC., BARNESANDNOBE.COM LLC, BIGMACHINES, INC., CARESTREAM HEALTH, INC., ENTERASYS NETWORKS, INC., J & R ELECTRONICS, INC., & RICOH AMERICAS CORPORATION**

Douglas R. McSwane, Jr.  
TX State Bar No. 13861300  
dougmcswane@potterminton.com  
110 N. College, Suite 500  
Tyler, Texas 75702  
Telephone: 903.597.8311  
Facsimile: 903.593.0846  

Peter C McCabe, III  
IL Bar No. 6190379  
pmccabe@winston.com  
WINSTON & STRAWN LLP  
35 W Wacker Dr  
Chicago, IL 60601  
Telephone: 312.558.5600  
Facsimile: 312.558.5700  

Gene C. Schaerr  
DC Bar 416368  
gschaerr@winston.com  
John W. Moss  
DC Bar 987113  
jwmoss@winston.com  
Geoffrey P. Eaton  
NY Bar 3000841  
geaton@winston.com  
WINSTON & STRAWN, LLP  
1700 K Street NW  
Washington, DC 20006  
Telephone: 202.282.5000  
Facsimile: 202.282.5100  

**ATTORNEYS FOR DEFENDANT HYUNDAI MOTOR AMERICA**

| | |
|---|---|
| ZARIAN MIDGLEY & JOHNSON, PLLC | THOMPSON COBURN – ST. LOUIS |
| /s/ Lane M. Chitwood | /s/ Dean Franklin |
| John N. Zarian (*pro hac vice*) | Dean Franklin |
| ID State Bar No. 7390 | dfranklin@thompsoncoburn.com |
| Lane M. Chitwood (*pro hac vice*) | Mathew A. Braunel |
| ID State Bar No. 8577 | mbraunel@thompsoncoburn.com |
| University Plaza | One US Bank Plaza 27th Floor |
| 960 Broadway Ave., Ste. 250 | St. Louis, MO 63101 |
| Boise, Idaho 83706 | Telephone: (314) 552-6106 |
| Telephone: (208) 562-4900 | Fax: (314) 552-7106 |
| Facsimile: (208) 562-4901 | |
| E-mail: zarian@zmjlaw.com | **ATTORNEYS FOR DEFENDANTS** |
|         chitwood@zmjlaw.com | **GANDER MOUNTAIN COMPANY &** |
| | **OVERTON'S, INC.** |
| Trey Yarbrough | |
| TX State Bar No. 22133500 | |
| Debby Gunter | |
| TX State Bar No. 24012752 | |
| YARBROUGH WILCOX, PLLC | |
| 100 E. Ferguson St., Ste. 1015 | |
| Tyler, Texas 75702 | |
| Telephone: (903) 595-3111 | |
| Facsimile: (903) 595-0191 | |
| E-mail: trey@yw-lawfirm.com | |
|         debby@yw-lawfirm.com | |

**ATTORNEYS FOR DEFENDANTS**
**NEWEGG INC. & NEWEGG.COM INC.**

## **CERTIFICATE OF CONFERENCE**

Counsel for Defendants and Plaintiff conferred on March 30, 2011 regarding the relief sought in this motion. Plaintiff is opposed. The parties are at an impasse and need the assistance of the Court to resolve this issue

*/s/ Ajit Dang*
Ajit Dang

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on March 30, 2011. Any other counsel of record will be served by first class mail.

    */s/ Neil J. McNabnay*
    Neil J. McNabnay