**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **SFA SYSTEMS, LLC,** | § § § | |
| Plaintiff, | § § | Civil Action No. 6:09-cv-340-LED |
| v. | § § | JURY TRIAL DEMAND |
| 1-800-FLOWERS.COM, INC., et al. | § § | |
| Defendants. | § § | |
| **SFA SYSTEMS, LLC,** | § § | |
| Plaintiff, | § § | Civil Action No. 6:10-cv-00300-LED |
| v. | § § | JURY DEMANDED |
| **BIGMACHINES, INC., et al.** | § § § | |
| Defendants. | § | |

**PLAINTIFF SFA SYSTEMS, LLC'S RESPONSE TO
DEFENDANTS' MOTION TO STRIKE**

Plaintiff SFA Systems, LLC ("SFA") submits the following response to Defendants' motion to strike extrinsic evidence (Docket No. 127).

**ARGUMENT**

Defendants have filed a motion to strike certain extrinsic evidence cited in SFA's reply brief regarding claim construction. Defendants' motion ignores the fact that SFA cited this evidence simply to rebut certain arguments made by them in their claim construction brief, and SFA did not use this evidence to present any new claim construction argument.

The Defendants in their claim construction brief attacked the declaration testimony of SFA's expert witness Monty Myers regarding the fact that the claim term "event manager" is a well-known term in the field of computer software. The Defendants asserted that "both SFA and

**PLAINTIFF SFA SYSTEMS, LLC'S RESPONSE**             **Page 1**
**TO DEFENDANTS' MOTION TO STRIKE**

Mr. Myers **fail to present a single dictionary definition** to the Court" and, "[i]nstead, Mr. Myers declares from thin air that the "event manager" is a well-known "task or process that fetches or receives certain types of input stimuli and either directly processes it or forwards it onto an appropriate handler routine." Defendants' Claim Construction Brief at 7 (emphasis in the original). SFA, in its reply brief, rebutted the Defendants' argument implying that there was no dictionary definition to support Mr. Myers' opinion by pointing out that: "The Defendants make an issue out of the fact that Myers does not base his opinion on a dictionary definition, but fails to point out that his opinion is consistent with dictionary definitions of the analogous term of "event management system," citing a dictionary definition. SFA Claim Construction Reply Brief at 6. SFA did not cite the dictionary definition to make a new or different claim construction argument. SFA cited the dictionary definition as consistent with Mr. Myers' opinion regarding the understood meaning of the term and to rebut the Defendants' argument in their claim construction brief. The Defendants do not point to any prejudice resulting from SFA's use of this rebuttal evidence.

Similarly, the Defendants argued in their claim construction brief that SFA, "[h]aving failed to identify a single dictionary definition, SFA submits a grand total of **two** documents using the claim term." Defendants' Claim Construction Brief at 7 (emphasis in the original). The clear implication of this argument is that there is a paucity of patents or other technical documents that have used the term "event manager" and that the term is not used in common parlance by persons of ordinary skill in the art. SFA pointed out in its reply brief that "a simple Lexis search of the patent database for utility patents issued prior to 2001 results in the identification of more than 200 patents using the term. A handful of these patents are attached as Exhibits F-P." SFA Claim Construction Reply Brief at 6. SFA cited these patents as rebuttal

**PLAINTIFF SFA SYSTEMS, LLC'S RESPONSE**            Page 2
**TO DEFENDANTS' MOTION TO STRIKE**

evidence in response to the misleading implication of the Defendants' argument that there were very few patents or technical documents using the term "event manager" as a term well understood by persons of ordinary skill in the art. SFA did not cite this extrinsic evidence to make a new or different claim construction argument.

Rule 26(a)(2)(C) of the Federal Rules of Civil Procedure provides that, with respect to expert testimony disclosures, "[i]n the absence of other directions… if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under paragraph (2)(B), [must be disclosed] within 30 days after the disclosure made by the other party." Fed.R.Civ.P. 26(a)(2)(C). Thus, the Federal Rules of Civil Procedure envision that a party is entitled to introduce new evidence offered to rebut evidence on the same subject matter if done in a timely manner. *See Hester v. CSX Transp., Inc.*, 61 F.3d 382, 388 (5th Cir. 1995) (Fifth Circuit found that a district court did not abuse its discretion by allowing rebuttal testimony even when the expert's rebuttal testimony was not disclosed until the expert's testimony at trial).

In this case, the Docket Control Order entitled SFA to file a reply brief responding to the Defendants' claim construction arguments, and SFA submitted its rebuttal extrinsic evidence regarding the "event manager" issue with its reply brief in a timely manner to contradict or rebut the Defendants' arguments regarding that same subject matter. The Defendants were not prejudiced by SFA's citation of this rebuttal evidence. Thus, the Defendants' motion to strike should be denied. Justice is best served when issues are decided on the merits. *See Martinez v. Stanford,* 323 F.3d 1178, 1182 (9th Cir. 2003). *See also Genentech, Inc. v Trustees of the University of Pennsylvania*, 2011 U.S. Dist. LEXIS 29523 (N.D. Cal. March 10, 2011) (denying motion to strike additional extrinsic evidence cited).

Dated: April 4, 2011           Respectfully submitted,

**BUETHER JOE & CARPENTER, LLC**

By:   */s/ Eric W. Buether*
Eric W. Buether
State Bar No. 03316880
Eric.Buether@BJCIPLaw.com
Christopher M. Joe
State Bar No. 00787770
Chris.Joe@BJCIPLaw.com
Brian A. Carpenter
State Bar No. 03840600
Brian.Carpenter@BJCIPLaw.com

1700 Pacific Avenue
Suite 2390
Dallas, Texas 75201
Telephone:   (214) 466-1271
Facsimile:    (214) 635-1827

Andrew Wesley Spangler
State Bar No. 24041960
Spangler Law PC
104 N. Houston St., Suite 135
Marshall, Texas  75670
Telephone:   (903) 935-3443
Facsimile:    (903) 938-7843
spangler@spanglerlawpc.com

David M. Pridham
RI State Bar No. 6625
Law Office of David Pridham
25 Linden Road
Barrington, Rhode Island 02806
Telephone:   (401) 633-7247
Facsimile:    (401) 633-7247
david@pridhamiplaw.com

**ATTORNEYS FOR PLAINTIFF
SFA SYSTEMS, LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a) on this 4th day of April 2011. Any other counsel of record will be served by facsimile transmission and first class mail.

                                                     */s/ Eric W. Buether*
                                                     Eric W. Buether