IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| SFA SYSTEMS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CASE NO. 6:09-cv-340 |
| v. | § | PATENT CASE |
| | § | |
| 1-800-FLOWERS.COM, INC., et al, | § | |
| | § | |
| Defendants. | § | |
| SFA SYSTEMS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CASE NO. 6:10-cv-300 |
| v. | § | PATENT CASE |
| | § | |
| BIGMACHINES, INC., et al, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT HYUNDAI MOTOR AMERICA'S
OPPOSITION TO PLAINTIFF SFA SYSTEM'S EMERGENCY
MOTION TO COMPEL COMPLIANCE WITH PROTECTIVE ORDER**

**INTRODUCTION**

SFA admits that it filed this motion without having a valid meet and confer, and for that reason alone the motion is improper.[1] *See* E.D. Tex. Local Rule CV-7(h); SFA Mot. Certificate of Conference. But SFA is also wrong on the merits. The Protective Order does not require what SFA seeks—a specialized tool known as an "integrated database environment" ("IDE") used by professional programmers to manage the complex software they create. *See* SFA Mot. Ex. B at ¶16 (Myers Decl.)

---

[1] SFA attorney Eric Beuther filed a Certificate of Conference on which he admits that the April 11 meeting between the parties on this issue did not include Hyundai lead and local counsel Douglas McSwane. SFA Mot. Certificate of Conference. Beuther states that he conferred with John Moss, whom he wrongly identifies as Hyundai's "lead trial counsel." *Id.* Douglas McSwane is both lead and local counsel for Hyundai, so the purported "meet and confer" on April 11 in fact did not include either lead or local counsel for Hyundai. In an email sent to Beuther within two hours of the April 11 meeting, Moss pointed out that the meeting did not comply with the local rules, and offered to engage in a final meet and confer at a time when McSwane was available. SFA Mot. Ex. A at 1. Instead, Beuther filed the motion to compel the following day.

(noting that IDEs "are what programmers typically use to manage software projects."). The Protective Order merely requires that Hyundai provide "tools . . . that are sufficient for viewing and searching the produced Source Code." Protective Order at 15 (Dkt. 116). And SFA's own expert admits that the tools that Hyundai has already provided allow him to both view and search the source code. SFA Mot. Ex. B ¶14-15 (Myers Decl.) .

Indeed, SFA's request is wholly unprecedented. SFA cites no decision from any court requiring the installation of the software it demands. And SFA demands far more than its affiliate Clear with Computers, LLC ("CWC") needed in prior litigation against the very same website SFA accuses here.[2] In the most recent litigation involving Hyundai's website, CWC had no difficulty preparing its expert reports without any of the tools it requests here—and without even the additional Notepad++ and Beyond Compare tools Hyundai has made available to SFA this time. Ex. A (Noteware Decl.) at 2. SFA has shown no reason why its experts cannot adequately review the same source code with the same tools CWC has used before. SFA's motion to compel should be denied, and this Court should impose costs on SFA for bringing it without authority and before finishing the meet and confer process.

## BACKGROUND

Hyundai has loaded thousands of lines of source code for its website on a stand-alone computer in Tyler, Texas as part of its discovery obligations in another patent lawsuit brought by SFA's sister company, CWC. *See* Ex. B (Third Amend. Prot. Order (Dkt. 123), *Clear with Computers LLC v. Hyundai Motor America, Inc.,* No. 6:09-cv-479 (E.D. Tex.) at ¶10). It is undisputed that this computer

---

[2] In fact, given the six years of continuous litigation between Hyundai and parties affiliated with SFA, it strains credulity to suggest that SFA lacks sufficient information about how Hyundai's website operates. SFA and its sister companies, including Clear with Computers LLC ("CWC"), have sued Hyundai five times in six years over functionality on Hyundai's www.hyundaiusa.com website. *See* Complaint (Dkt. 1) at 5 (accusing hyundaiusa.com); Ex. C (Complaint (Dkt. 1) *Clear with Computers LLC v. Hyundai Motor America, Inc.,* No. 6:09-cv-479 (E.D. Tex.) at 3) (accusing hyundaiusa.com); Ex. D (Complaint (Dkt. 2) *Taurus IP LLC v. Hyundai Motor America, Inc.*, No. 3:07-cv-477 (W.D. Wis.) at 3) (accusing hyundaiusa.com); Ex. E (Complaint (Dkt. 1) *ST Sales Tech Holdings, LLC v. Daimler Chrysler Co. LLC,* No. 6:07-cv-346 (E.D. Tex.) at 9) (accusing hyundaiusa.com); Ex. F (Complaint (Dkt. 1) *Orion IP LLC v. Mercedes-Benz USA,* No. 6:05-cv-322 (E.D. Tex.) at 8) (accusing hyundaiusa.com).
.

has been available for SFA's review throughout the entire dispute between the parties in this case. CWC's experts were able to review the same source code, on the same computer, without *any* of the advanced tools that SFA now insists are "necessary" to its review in this case. Ex. A (Noteware Decl.) at 2.

Notwithstanding the prior history of litigation over Hyundai's website, and the prior expert reports produced using only the Notepad tool, in March 2011, counsel for SFA requested that Hyundai load additional tools on the stand alone computer in Tyler. SFA Mot. Ex. C at 1. In a follow up letter later that month, SFA requested five separate tools: Notepad++, Beyond Compare, Microsoft Visual Studio, and Eclipse. *Id.*

Hyundai consulted with its own computer source code expert, Prof. Li-C. Wang, who gave his opinion that none of these additional tools were necessary to review the source code. Ex. G (Wang Decl.) at 2. Dr. Wang distinguished between Notepad++ and Beyond Compare which enable the viewer to see and search the source code, and IDE tools such as Microsoft Visual Studio and Eclipse, which are used by programmers to see how code would behave if it were compiled and executed. *Id.*; *see also* SFA Ex. B at ¶16. As SFA's expert Monty Myers stated in the declaration attached to SFA's motion, IDE tools are *programming* tools, used by software programming professionals when they are managing projects. SFA Ex. B at ¶16.

Hyundai eventually agreed to load Notepad++ and Beyond Compare on the stand alone computer. SFA Mot. Ex. A at 5. In so doing, Hyundai pointed out that CWC's expert Dr. V. Thomas Rhyne did not find the additional tools necessary to his review in that case, and encouraged SFA to contact Dr. Rhyne to find out how he conducted his review. SFA Mot. Ex. A at 1. Hyundai also asked SFA to identify any authority supporting its position that further tools were required. *Id.*

Counsel for SFA did not provide any authority, apparently did not talk with Dr. Rhyne, and continued to press for the IDE tools. *Id*. SFA attorney Brian Carpenter sent an email to counsel for Hyundai, which he claimed was their "last effort to 'meet and confer.'" *Id.* at 4-5. Hyundai requested a telephonic meet and confer in compliance with local rules. *Id.* at 3. Counsel for both sides spoke by telephone on Monday, April 11, but Douglas McSwane, lead and local counsel for Hyundai, unexpectedly could not join the call. *Id.* at 1. SFA sent a subsequent email claiming that conversation was a "meet and confer" and announced its intention to file a motion to compel. *Id.* at 2. Hyundai responded in writing, pointed out that the meet and confer requirement was not complied with because local counsel was not present, and noted that SFA had still not provided any authority for its position. *Id.* at 1. SFA's motion to compel followed on April 12, 2011.

In its April 12 motion to compel, SFA attached a declaration from Myers, who stated that "I have been tasked with reviewing the source code . . . for the various systems that SFA has accused of infringing the '525 patent in this litigation." SFA Mot. Ex. B at ¶9 (Myers Decl.). On April 25-27, while SFA's motion was pending, SFA sent a different expert, Vikas Sharma, to review the source code loaded onto the stand alone computer in Tyler. Ex. A (Noteware Decl.) at 1-2. Sharma requested and received over 800 pages of printed source code, and he did not indicate that the absence of additional software prevented him from completing his review. *Id.*

## ARGUMENT

SFA's motion is meritless. In an effort to accommodate SFA's efforts to review the source code for HMA's website, Hyundai has already loaded three software viewers on its stand-alone computer in Tyler: Notepad, Notepad ++, and Beyond Compare. SFA Mot. at 3. SFA's own expert Myers admits that Notepad ++ is "one of the premier programmer-focused viewers," and Beyond Compare "has features that provide for [even] more efficient review of similar files and file structures." SFA Mot. Ex.

4

B ¶14-15 (Myers Decl.) . Myers also admits that he *can* review the source code using these tools, albeit less "efficient[ly]." *Id.* at ¶18. Under the terms of the Protective Order, that is all that is required. Protective Order at 15.

SFA has not pointed to anything in this Court's Patent Rules that requires Hyundai to produce its source code in the kind of running IDE environment it seeks in its motion. The Patent Rules only require that Hyundai produce "[s]ource code . . . or other documentation *sufficient* to show the operation of any aspects or elements of an Accused Instrumentality identified by the patent claimant in its P. R. 3-1(c) chart." E.D. Tex. P.R. 3-4 (emphasis added). Likewise, SFA has pointed to nothing in the Federal Rules that requires that Hyundai provide these additional tools. *See, e.g.,* Fed. R. Civ. Proc. 26(b)(2)(c) (noting that it is appropriate to limit discovery where the "burden or expense of the proposed discovery outweighs its likely benefit"). Similarly, SFA has not pointed to any case ordering a party to provide IDE tools.[3]

SFA bases its claims to the IDE tools exclusively on the terms of the Protective Order. But the Protective Order does not anticipate—much less require—the kind of advanced IDE tools that SFA is requesting now. The Protective Order says that the "Producing Party" (here, Hyundai) "shall install tools . . . that are sufficient for *viewing and searching* the produced Source Code." *Id.* (emphasis added). The "Receiving Party" (here, SFA) "may request that commercially available software tools for *viewing and searching* Confidential Source Code or Restricted Material be installed on the Source Code Computer," but only if "such other software tools are reasonably necessary for the Receiving Party to perform its review." *Id.* (emphasis added). Thus, the core right established in the Protective Order is the right to have tools that are "sufficient" and "reasonably necessary" to "view and search" the source code. It is not a right to have every tool one wishes.

---

[3] After several hours of research, we have not found any case ordering a party to do what SFA is demanding here—namely, produce IDE tools in a running environment. Indeed, at leas for the Eastern District, it appears that there is no such case.

SFA now demands the installation of an IDE tool, which, according to Myers, is used by professional programmers to "manage software projects" and "more easily follow the logic path as the source code would if it were complied and executed." SFA Mot. Ex. B at ¶16 (Myers Decl.). SFA has explained repeatedly that its expert Myers would *prefer* to have this powerful tool available—but what it has not explained is why it is *entitled* to have such a tool, which goes well beyond the "view and search" functionalities that the defendants agreed to provide under the Protective Order. Protective Order at 15.

As a preliminary matter, Myers, the expert requesting this material in SFA's motion, is not the expert whom SFA actually sent to review the source code on April 25-27 while this motion was pending. Ex. A (Noteware Decl.) at 1 (noting that SFA's expert Vikas Sharma reviewed the source code). At a basic level, Myers lacks foundation for his assertions regarding the tools needed to view and search the source code he has not himself reviewed. Second, even assuming that Myers could properly offer his statements without having seen the source code, Myers admits that the Notepad ++ and Beyond Compare tools that are presently loaded onto the stand alone computer are, by themselves, adequate to review the source code, albeit in a way that is more time consuming than if he were allowed to view the source code with an IDE environment designed to simulate the software as it would be compiled and executed in the real world. SFA Mot. Ex. B at ¶14-18 (Myers Decl.).

This kind of running environment is not what the parties bargained for when they agreed to the protective order, nor is it what this Court ordered. Protective Order at 15. SFA's motion is, in effect, an attempt to re-write the Protective Order. But that effort is improper. Adding IDE tools to the stand alone computer creates a substantial additional burden for Hyundai because using the IDE's more sophisticated features—as SFA has stated that it intends to do— requires the installation, configuration and management of additional hardware, third party software libraries, and possibly configuration files. None of these are otherwise relevant to this case. For example, SFA asserts that the IDE tool,

"Eclipse[,] allows a reviewer to follow the jumps as the source code would, if compiled, operate while running." SFA Mot. at 4. For the IDE to operate in this way, the source code would need to be compiled or interpreted, which would in turn require the production of additional code term "libraries," which include a broad range of information, much of which is not relevant to this lawsuit. Ex. G (Wang Decl.) at 2-3. Tracing the code through the IDE would also require Hyundai to provide running servers, again at significant extra cost and effort. *Id.* at 3 As the accused instrumentalities also utilize database servers, the IDE may also require that a database server be provided and installed properly. Ex. G (Wang Decl.) at 3. Moreover, a computer suitable for reviewing source code is not necessarily suitable for using an IDE, because the processing needs of an IDE are much greater than that required by a tool suitable for reviewing source code. Ex. G (Wang Decl.) at 2.

None of this is required—or even contemplated by—the Protective Order. And the fact that none of this is necessary for SFA's experts to do their job was underscored last week when SFA expert Vikas Sharma spent three days reviewing source code on the stand alone computer and identified over 800 pages of printed code for offsite review. Ex. A (Noteware Decl.) at 1-2.

There is a reason the parties agreed to the language of the Protective Order as it stands today: both sides weighed the risks and benefits and came to a conclusion about how to best protect vulnerable source code, while still allowing sufficient review. SFA did not bargain for, and the Protective Order does not require, that Hyundai provide the code in a simulated real-world programming environment. SFA should live with the bargain it struck.

## CONCLUSION

For the foregoing reasons, Hyundai respectfully requests that the Court deny SFA's motion to compel.

**Dated: May 2, 2011**  **RESPECTFULLY SUBMITTED,**
POTTER MINTON, P.C.

/s/ Douglas R. McSwane, Jr.

Douglas R. McSwane, Jr.
TX State Bar No. 13861300
dougmcswane@potterminton.com
110 N. College, Suite 500
Tyler, Texas 75702
Telephone: 903.597.8311
Facsimile: 903.593.0846

Peter C McCabe, III
IL Bar No. 6190379
pmccabe@winston.com
WINSTON & STRAWN LLP
35 W Wacker Dr
Chicago, IL 60601
Telephone: 312.558.5600
Facsimile: 312.558.5700

Gene C. Schaerr
DC Bar 416368
gschaerr@winston.com
John W. Moss
DC Bar 987113
jwmoss@winston.com
Geoffrey P. Eaton
NY Bar 3000841
geaton@winston.com
WINSTON & STRAWN, LLP
1700 K Street NW
Washington, DC 20006
Telephone: 202.282.5000
Facsimile: 202.282.5100

**ATTORNEYS FOR HYUNDAI MOTOR AMERICA**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on May 2, 2011. Any other counsel of record will be served by first class mail.

/s/ Douglas R. McSwane, Jr.
Douglas R. McSwane, Jr.